*JOHN SCHWARZ, Guardian of Albert Henkel, *v.* **112** CATHERINE STEIN.

*Decided June 17th, 1868.*

VENDOR'S LIEN ;   WAIVER.

If the vendor deliver possession of the estate to the vendee before all the purchase money is paid, equity recognizes and will enforce a lien on the land as a security for such unpaid purchase money; and this is so whether the legal estate be or be not conveyed.  (*a*)    p. 117

Such lien exists independent of any special agreement, and as an incident to the contract of sale of real estate, and it exists not only against the vendee and his heirs and other privies in estate, but against those claiming as volunteers, judgment creditors, and all subsequent purchasers for value, having notice that the purchase money or any part thereof remains unpaid.  (*b*)    pp. 117-118

Where the vendor, claiming the benefit of the lien, retains the con-

---

(*a*)   The vendor's lien exists even after the deed has been executed and possession of the property delivered.  It would be more technically accurate to call the lien a grantor's lien; see *Hooper v. Central Trust Co.,* 81 Md. 588; from the time of making a contract for the sale of land, and until payment, the vendor has a mere lien on the land for purchase money; the interest of the vendor in such contract is not real estate, but only personal; and in case of the vendor's death, the unpaid purchase money goes to his personal representatives; *Hall v. Jones,* 21 Md. 439.  *Cf. Dorsey v. Hobbs,* 10 Md. 412, note (*a*).  Formerly a vendor's lien was only enforced if the vendor was remediless at law; but now the lien may be enforced without regard to the remedy at law; Code of Pub. Gen. Laws, Art. 16, sec. 193; and the lien is not waived by the acceptance of the vendee's individual note for the balance of the purchase money, *without other security; Dance v. Dance,* 56 Md. 436; nor by a mortgage to secure the purchase money; see the Code of Pub. Gen. Laws, Art. 66, sec. 4.

(*b*)   Approved in *Christopher v. Christopher,* 64 Md. 586.

·veyance and holds in himself the legal title, subsequent purchasers or mortgagees may be affected with notice of the lien for any balance of unpaid purchase money. (c)                                                                 p. 118

The general rule is that the purchaser of an equity is bound to take notice of all prior equities.                                                        p. 118

Whether the lien has been waived is generally a question of intention to be determined from the special circumstances of each case; and it is always incumbent upon the party resisting the lien, to show the facts which repel its existence.                                            p. 118

Where the deed was withheld until much the larger portion of the purchase money was paid, and a promissory note for the balance, with the indorsement of a third party thereon as security was given; and the deed was then delivered to the purchaser, and he was thus clothed with the legal estate to deal with the same as he pleased. *Held:*

That the lien was extinguished, and the vendor must rely alone upon the personal security taken for the balance of the purchase money.
                                                                        p. 119

Where the legal title has been conveyed to the vendee, and he has given his note with the responsibility of a third person indorsed thereon as security, the lien must be considered as having been waived or surrendered, unless there be an express agreement that it shall be retained. (d)                                                           p. 119

**113**    *Appeal from the Circuit Court of Baltimore City.

On the 24th of July, 1865, Catherine Stein, (the appellee,) executed to Charles Henkel a deed of certain real estate in Baltimore, for the consideration therein expressed, of $2,075. On the same day Henkel mortgaged the same property to the East Baltimore Mechanics' Building Association No. 5, for the sum of $2,250. Of the money procured by him from the association upon this mortgage, $1,690, was paid through the appellant, John Schwarz, (who at that time was the president of the association,) to Mrs. Stein, and she upon the receipt thereof, and also of a promissory note drawn by Henkel, and endorsed by C. Bohn for the balance of the purchase money due to her, for the land, delivered to Henkel her deed therefor. Subsequently on application of the association the court passed a decree for foreclosure of the mortgage, and the mortgaged property was sold and an account was stated by the auditor distributing the proceeds. Prior to the sale Mrs.

---

(c)   See *Magruder v. Peter*, 11 G. & J. 148, note (c).

(d)   Approved in *Walsh v. McBride*, 72 Md. 56. For note on vendor's lien, see *Carr v. Hobbs*, 11 Md. 285-6, note (d).

Stein had applied for an injunction to restrain the sale on the ground of her having a vendor's lien upon the property, to the extent of the amount due her upon the above mentioned promissory note, but by agreement of counsel it was arranged that the application for an injunction should be withdrawn, and she be allowed to assert her claim as against the proceeds of sale. Accordingly after the auditor's account was stated, she filed her petition, setting up her claim to a vendor's lien upon the property sold, to the amount of said note, and praying that she might be allowed her claim out of the proceeds of sale.

The appellant, John Schwarz, as guardian of Albert Henkel, also filed a petition claiming that the proceeds of sale after satisfaction of the mortgage debt, should first be applied to the payment of a judgment of condemnation in attachment, against the property sold, recovered by him as said guardian, and praying that the auditor be instructed to state another account, allowing said claim next after that of the mortgagee, and in preference to the claim of Mrs. Stein. The attachment *under which he claimed was issued on the 4th of Jan- **114** uary, 1866, upon a claim of his ward against the said Charles Henkel, which originated in the year 1862.

On the 7th of May, 1866, it was ordered by the court, (Alexander, J.,) that the papers be again referred to the auditor, with directions to allow the claim of the Building Association, and the claim of Mrs. Catherine Stein as appearing from the promissory note of Charles Henkel, filed by her, and further, that if after paying the claim of said association there should not remain in the hands of the trustee sufficient to pay in full the claim of Catherine Stein and the costs, then the said John Schwarz should pay the costs of the re-audit.

The auditor having stated an account accordingly, showing a balance—after allowing the claim of Catherine Stein—of only $36.33, exceptions thereto were filed by Schwarz, and overruled by the court, from which action of the court the present appeal is taken.

The cause was argued before Bartol, C. J., Nelson, Stewart and Alvey, JJ.

*Joseph Blyth Allston* and. *William Shepard Bryan,* for the ·appellant :

Mrs. Stein knew that Charles Henkel intended to raise money by a mortgage of the property, and she assented to it, having taken collateral security, with which she was satisfied. She did not design to look to the property for the payment of the money secured by the note. Her vendor's lien was waived. *Richardson v. Ridgley,* 8 G. & J. 87 ; *Hummer v. Schott,* 21 Md. 307 ; *Gilman v. Brown,* 1 Mason, 191 ; *Brown v. Gilman,* 4 Wheat. 291 ; *Mackreth v. Symmons,* 1 White & Tudor's Lead. Cases in Eq. note, 264, 265 ; Adams Eq. 128, 129, marg. ; *Bond v. Kent,* 2 Vernon, 281 ; *Cood v. Pollard,* 9 Price, 544, and 10 Price, 109, 111.

**115** *Schwarz acquired a lien on the property, which he had a right to prosecute against the proceeds ·of sale. *Ducker v. Belt,* 3 Md. Ch. 12 ; *Stockett v. Taylor,* 3 Md. Ch. 537 ; *Brown v. Stewart,* 1 Md. Ch. 87.

*Albert Ritchie* and *John B. Wentz, Jr.,* for the appellee :

The points conceived by the appellee to be involved in this case, are :

1. Was Catherine Stein entitled to a vendor's lien ?

2. If not, was she entitled to priority of payment over the claim made by Schwarz, as guardian ?

The affirmative of the first proposition cannot be maintained in Maryland on authority, nor anywhere on principle.

A vendor's lien is an incident to every contract for the sale of real estate, where any part of the purchase money remains unpaid; and it affects everyone claiming under the vendee, and having notice, unless it be waived or extinguished. *Iglehart v. Armiger,* 1 Bland, 523 ; *Moreton v. Harrison,* 1 Bland, 498 ; *Mackreth v. Symmons,* 15 Ves. 328.

The taking of the promissory note, or other personal security of the vendee, as against a.party with notice, is not a waiver of the lien, nor received in any other light than as given, simply to countervail the receipt set forth in the deed, and show the time and manner of payment. *Dixon v. Dixon,* 1 Md. Ch. 220.; *Hayden v. Stewart,* 4 Md. Ch. 280 ; *Grant v. Mills,* 2 Ves. & Be. 306 ; Sugden on Vendors, 556, sec. 13.

Taking an endorsed promissory note for the unpaid pur-

chase money, is not a waiver of the vendor's lien, unless *it be shown* that its acceptance was *intended* to operate as a relinquishment.     The appellee. knows of no case in Maryland which precisely determines this point, but the strong tendency of authorities is in its support.

But the point has been expressly determined by abundant authority, both in the English and American courts.   *Mackreth v. Symmons,* 15 Ves. 328, 349; *Hallock v. Smith,* 3 Barb. 267; *Grant v. Mills,* 2 Ves. & Be. 306; *Frail v. *Ellis,* **116** 17 E. L. & E. 457; *Tiernan v. Beam,* 1 Ohio, 465; *Tiernan v. Thurman,* 14 B. Mon. 277; Sug. on Vends. 556; 2 Story's Eq. Jur. sec. 1226.

Not only is the simple act of taking an endorsed promissory note no waiver of the lien, but the *onus lies upon the vendee,* and those claiming under him, with notice, *to show* that the acceptance of any personal security was expressly *intended* as a relinquishment of the lien, and that " the vendor agreed to rest on that security and to discharge the land." *Iglehart v. Armiger,* 1 Bland, 519 ; *Moreton v. Harrison,* 1 Bland, 498. " *Prima facie,* the purchase money is a lien on the land sold, and it lies on the vendee to show the contrary." *Hughes v. Kearney,* 1 Sch. & Lef. 132 ; *Magruder v. Peter,* 11 G. & J. 244. It must be shown that the vendor agreed to rely on the security, and to relinquish his lien. *Mackreth v. Symmons,* 15 Ves. 328 ; *Truebody v. Jacobson,* 2 Cal. 269 ; *Garson v. Green,* 1 John. Ch. 308 ; 2 Story's Eq. sec. 1226.

No attempt was made below to show any such agreement or intention. It must follow from these authorities, as applied to the testimony in this case, that if the Building Association became a mortgagee, with notice of the fact, that part of the purchase money remained unpaid, Catherine Stein was entitled to her vendor's lien. The association had both actual and constructive notice. Schwarz, the president, attended the execution of both deed and mortgage ; held the deed in his hands and read parts of it ; was present at its delivery on the following day, and paid, for Henkel, the $1,690 ; he knew the consideration was $2,075 ; but made no inquiry in regard to the payment of the balance, but, confessedly, contented himself with the statement of the purchaser that " he only owed $1,690." Alexander Wolff, Esq., the attorney of the associa-

tion, and an officer under its constitution, examined the title, and prepared both deed and mortgage.  These facts not only show actual notice, but present a case of equitable notice, than which it is scarcely possible to conceive a stronger.  " What-ever is sufficient to put a party upon inquiry is good notice in **117** *equity." *Magruder v. Peter,* 11 G. & J. 243; *Ringgold v. Bryan,* 3 Md. Ch. 493; *Tiernan v. Thurman,* 14 B. Mon. 277 ; *Frail v. Ellis,* 17 E. L. & E. 463 ; Sugden on Vendors, 633 ; *Hodges v. Mullikin,* 1 Bland, 513.

Whether the appellee had a vendor's lien as against the Building Association or not, it is certain that her equities are superior to those of the appellant, who appears only as a creditor.  A creditor is only a volunteer, not a *bona fide* purch-aser—and so it is, whether he be a creditor at large, or under a deed of trust, or come in by operation of law, on the bank-ruptcy of the vendee.  He can stand in no better position than his debtor—and an equitable lien is entitled to a preference over subsequent judgment creditors.  *In the matter of Howe,* 1 Paige, 128-9 ; *White v. Casanave,* 1 H. & J. 106 ; *Hallock v. Smith,* 3 Barb. 267.

The appellant became a creditor of Henkel nearly four years before the execution of the deed—and the debt for which he now claims a preference, is not only an antecedent, but a stale one, which might have been barred by limitations, had the de-fendant appeared and pleaded the statute.

Alvey, J., delivered the opinion of the court.

The question here is, does the vendor's lien exist for the balance of the purchase money remaining due from Henkel to Mrs. Stein, as against the mortgage and attaching creditor of Henkel, now claiming the fund in court.

Generally, the vendor of real estate has a lien on the prop-erty sold, to secure the payment of the purchase money.  If the vendor delivers possession of the estate to the vendee, before all the purchase money is paid, equity recognizes and enforces a lien on the land as a security for such unpaid purchase money ; and this is so whether the legal estate be or be not conveyed.  Such lien exists independent of any special agree-ment, and as an incident to the contract of sale of real estate.

And it exists not only against the vendee and his heirs, and other privies in estate, but against those claiming as volun-*teers, judgment creditors, and all subsequent purch- **118** asers, for value, having notice that the purchase money, or any part thereof, remains unpaid.

What will constitute notice sufficient to charge a party subsequently dealing with the estate, is often a question of some nicety ; but it is now settled that where the vendor claiming the benefit of the lien, retains the conveyance, and holds in himself the legal title, subsequent purchasers or mortgagees may be affected with notice of the lien for any balance of unpaid purchase money. *Worthington v. Morgan,* 16 Sim. 547 ; *Hewett v. Loosemore,* 9 Hare, 449. And this because that, as the legal estate is outstanding, and the second purchaser acquires only an equitable interest, it must be subject to the prior equitable lien of the vendor, upon the maxim, " *Qui prior est tempore, potior est jure ;* " for, in such case the court must assume that the purchaser or mortgagee had made proper investigation of the condition of the title, and would impute to the party all knowledge that such investigation would impart. The general rule is that the purchaser of an equity is bound to take notice of all prior equities. Here, however, the legal title was conveyed by Mrs. Stein to Henkel, and the mortgage from the latter to the Building Association was of the legal estate ; and we find nothing in the record to charge the mortgagee with notice of unpaid purchase money. On the contrary, the proof is clear in negation of such notice. So far, then, as the mortgagee in this case is concerned, the lien of the vendor could not be insisted on. But, as between Mrs. Stein and Schwarz, the attaching creditor, the broader question is presented, whether the lien, under the facts of this case, exist at all.

Whether the lien has been waived, is generally a question of intention to be determined from the special circumstances of each case ; and it is always incumbent upon the party resisting the lien to show the facts which repel its existence. Here the facts relied on to negative its existence, are, that the deed was withheld until much the larger portion of the pur-*chase money was paid, and a promissory note for the **119** balance, with the indorsement of a third party thereon, as se-

curity was given. Upon the payment of $1,700, in cash, and the delivery of the promissory note, indorsed, the deed that had been previously executed and withheld, was delivered to Henkel, and he was thus clothed with the legal estate to deal with the same as he pleased. It is contended, from these facts, that the lien was extinguished, and that the vendor must rely alone upon the personal security taken for the balance of the purchase money. And, apart from all authority upon the subject, we think that such is the good sense as well as the common justice of the transaction. Whatever may be the rule maintained elsewhere, it is now too well established in this State to be called into question, that, *where the vendor retains the title in himself,* but takes the note, bond, or covenant of the vendee, with personal security of a third party, for the payment of the purchase money, this will not be of itself sufficient to justify the presumption of a waiver of the lien. *Magruder v. Peter,* 11 G. & J. 217. And it is equally well settled that where the title is conveyed to the vendee, and he gives his own individual note or obligation, *without other security* for the purchase money, it does not effect the extinguishment of the lien, without something more to indicate the intention so to do. But we think the rule should not be farther extended ; and, in a case like the present, where the *legal title has been conveyed* to the vendee, and he has given his note, with the responsibility of a third person indorsed thereon as security, the lien must be considered as having been waived or surrendered, unless there be an express agreement that it shall be retained. 4 Kent, 153 ; *Gilman v. Brown,* 1 Mason, 192, 214 ; *Mackreth v. Symmons,* 1 Lead. Cas. in Eq. 275, 276, notes. And there being no such agreement reserving the lien in this case, it follows that the court below was wrong in overruling the exceptions to the auditor's account, and in ratifying the account, wherein Mrs. Stein was allowed the benefit of the lien **120** as against Schwarz, the attaching creditor *of Henkel. The order appealed from will therefore be reversed, and the cause remanded that further proceedings in the premises may be had.

*Order reversed and cause remanded.*