SAMUEL D. McGONIGAL vs. EDGAR PLUMMER, and others.

*Appeal — Motion to dismiss — Vendor's lien.*

Delay in transmitting the record, is no ground for dismissing an appeal, where the delay seems to be equally attributable to the appellees as to the appellant.

Where the order appealed from has not all the formalities usual in orders passed upon exceptions to an auditor's account, but is unequivocal in its import, and finally decisive of the subject matter that was under consideration of the Court, the motion to dismiss must be overruled.

*Prima facie,* a vendor's lien exists in all cases of sales of real estate for the unpaid purchase money, as against the vendee, and those claiming under him, with notice; but the lien being the mere creature of a Court of Equity, existing in the nature of a secret trust, it should not for that reason, be implied and maintained where it would operate as a means of deception, or in prejudice of good faith.

Where the vendor parted with the legal estate, with a separate receipt in full of the purchase money appended to the deed, and at the same time took from the vendee a bond with the responsibility of a third party as security for the purchase money, conditioned for a judgment which would become a general and an independent lien, a Court of Equity could not do otherwise than presume, in the absence of unequivocal evidence to the contrary, that the equitable lien was intended to be waived.

The lien will be regarded as waived, whenever any distinct and independent security, such as a mortgage, pledge of goods, or the personal responsibility of a third person, is taken for the unpaid purchase money.

This presumption may be repelled by proof of an express agreement that the lien shall be retained; but the *onus* of such proof is upon the party seeking to enforce the lien.

APPEAL from the Circuit Court for Caroline County, in Equity.

Thomas Postles sold certain land in Caroline County, to Joseph McGonigal of said county. Appended to the deed was a receipt in full for the purchase money. On the same

day McGonigal executed and delivered to Thomas Postles his bond obligatory, with S. D. McGonigal, of the State of Delaware, as surety, conditioned for the payment of the sum of $2,300, with interest, and containing a power to confess judgment thereon, in any Court of record in the State of Delaware. Postles assigned this bond to Wm. K. Lockwood, and Lockwood assigned it to S. D. McGonigal, "at his risk of collection."

The property so conveyed was afterwards sold under a deed of trust made by Joshua McGonigal, and the proceeds of sale brought into Court for distribution.

In the auditor's account A, the claim of S. D. McGonigal upon the abovementioned bond was allowed as a preferred claim, and upon exception taken to such allowance, the Court (CARMICHAEL, J.,) delivered an opinion adverse to the claim, and concluding as follows: "The objections to the statement of the auditor allowing the claim of Samuel D. McGonigal as a debt of preference are sustained, and the audit in this respect is set aside." From this decision the present appeal was taken.

The cause was argued upon the merits, and upon a motion to dismiss the appeal, before BARTOL, C. J., STEWART, BRENT, MILLER and ALVEY, J.

*H. M. Murray* and *George H. Williams*, for the appellant:

In Maryland, the vendor's lien, so long as it exists overrides the claims of all but specific lien claimants; it overrides all claims of those holding general liens, such as judgment creditors, or those purchasing under executions levied on such judgments; and on the distribution of a decedent's or an insolvent's estate, equity will marshal the assets so as to put the vendor altogether upon his equitable lien for the benefit of other creditors. *Iglehart vs. Armiger*, 1 *Bland*, 519; *Schnebly vs. Ragan*, 7 *G. & J.*, 120, 126; *Repp vs. Repp, et al.*, 12 *G. & J.*, 341.

It is admitted that when the note or bond taken for the balance of the purchase money is assigned, the lien does not pass unless specially assigned, and that it cannot pass by implication. *Watson vs. Bane,* 7 *Md.,* 117. And it is further admitted that endorsing a note "without recourse" would destroy the lien, also the assigning of a. bond without specially assigning the lien with it, but this law is only applicable to those who claim as assignees under the assigned instrument. Here the appellant claims not as assignee of a bond secured by the vendor's lien, but as a surety who claims to be subrogated to the rights of the creditor, as existing at the time he entered into the contract—he claims that lien "given to him by law as an inducement to enter into the bond," as Judge MARTIN says, on page 526, in 4 *H. & J.,* delivering the opinion of the Court of Appeals, and to the destruction of which his consent was never given or asked. It is in vain to apply to him law only applicable to assignees when he does not claim as assignee, but as an obligor who has discharged his principal's liability. According to LORD ELDON, as quoted and endorsed by what fell from the Court in *Schnebly vs. Ragan,* 7 *G. & J.,* 120, were Postles to have the bond re-assigned to him, the lien would be revived; why should it not be revived for the surety to Postles, who now stands in Postles' place and stead? and why should not his possession be, as to the lien, equivalent to the re-acquisition of it by Postles? That ordinarily he is so substituted, the following cases establish:— *Ghiselin vs. Ferguson,* 4 *H. & J.,* 522; *Magruder vs. Peter,* 11 *G. & J.,* 245; *Welch vs. Paran,* 2 *Gill,* 329.

The equity of the vendor's lien attends the claims for the purchase money, although the vendor may have parted with the legal title, because the land is not in the hands of innocent purchasers without notice, seeking protection, but has been sold by the trustee, who now holds the money subject to the equities of all parties, as they might have been enforced against the grantor in the deed of trust.

*Alex. B. Hagner* and *Alex. Randall,* for the appellees:

The appeal in this case should be dismissed, first—because there is no final decree or decretal order passed by the Circuit Court from which an appeal could be taken. There is indeed no decree or order of any description passed by the Court. The Judge has merely stated at the conclusion of his opinion, that certain objections taken to the statement of the auditor are sustained, and the audit in that respect set aside, but nothing is finally done. *Code, Art.* 5, *sec.* 20, *Act of* 1864, *ch.* 156; *Snowden vs. Dorsey,* 6 *H. & J.,* 114; *Hagthorp vs. Hook,* 1 *G. & J.,* 270; *Roberts vs. Sailsbury,* 3 *G. & J.,* 425; *Hatton vs. Weems,* 10 *G. & J.,* 377; *Ware vs. Richardson,* 3 *Md.,* 505; *Phillip's Exe'r vs. Pearson, et al.,* 27 *Md.,* 242.

Second. The appeal in this cause was taken on the 18th of January, 1864, and the record was not transmitted to this Court until after the 22d of April, 1868, more than four years after the appeal had been entered, and it does not appear that such delay was occasioned by the neglect or omission of the clerk, but on the contrary, it does appear that it was not from his neglect or omission. *Hannon vs. the State, use of Robey,* 9 *Gill,* 440; *Contee vs. Pratt,* 9 *Md.,* 67; *Dugan vs. Hollins,* 11 *Md.,* 41; *Sample vs. Motter,* 5 *Md.,* 368; *Mayor, &c., vs. Reynolds,* 18 *Md.,* 270; *Code, Art.* 5, *secs.* 29 *and* 30, *Act of* 1842, *ch.* 288; *Act of* 1864, *ch.* 322.

Should the Court, however, entertain the appeal, it is submitted on behalf of the appellees, that the decision of the Judge below ought to be affirmed for the following reasons, viz:

The auditor's accounts A and B, and third report dispose of the trust funds, and are the subject of this litigation. In account A the auditor gives preference to the claim of the appellant for $2,929.81, because he alleges it is entitled to be paid as a vendor's lien on the proceeds of the sale of parts of this real estate sold by the trustee.

The claim of the appellent as a lien, is founded on a joint and several bond, executed by the grantor and the appellant

as his surety, to Thomas Postles, for the payment of $2,300, for which they agreed to confess judgment; it was assigned to Lockwood, and by him to the appellant. This bond does not refer to any real estate sold, nor show who is the principal debtor, but parol proof is offered for these purposes by affidavits taken before the auditor.

The appellant is not entitled to claim a vendor's lien, first: Because the real estate was sold and conveyed by the vendor, the creditor, to the vendee, the grantor of this trust, the vendor taking a bond with security for the purchase money, and there is no reference in it to any lien whatever. *Bond vs. Kent,* 2 *Vernon,* 281; *Nairn vs. Prouse,* 6 *Vez. Jr.,* 752; 4 *Kent's Comm.,* 153; *Hummer vs. Schott,* 21 *Md.,* 310.

Second: Because, if any lien existed, the assignment of the debt given for the purchase money without any transfer of the lien, would destroy the lien; it cannot pass by implication or construction, only by express assignment and agreement.— *Dixon vs. Dixon,* 1 *Md., Ch. Dec.,* 220; *Hayden vs. Stewart,* 4 *Md., Ch. Dec.,* 280; *Schnebly & Lewis vs. Ragan,* 7 *G. & J.,* 120; *Alderson vs. Ames & Day,* 6 *Md.,* 52; *Watson vs. Bane, et al.,* 7 *Md.,* 117.

Third: Because the assignment was evidently made to be without recourse to the vendor's lien. It expressly states, "and at the risk of collection." *Dixon vs. Dixon,* 1 *Md., Ch. Dec.,* 220; *Hayden vs. Stewart,* 4 *Md., Ch. Dec.,* 280; *Richardson vs. Ridgely,* 8 *G. & J.,* 87; *Hooper, et al., vs. Logan,* 23 *Md.,* 209.

ALVEY, J., delivered the opinion of the Court.

The motion made to dismiss the appeal in this case cannot prevail. The delay in transmitting the record to this Court seems to be equally attributable to the appellees as to the appellant. By admission it is shewn that the delay in making up the record was in consequence of an agreement entered into by the parties, in regard to the selection of the papers that should form the transcript. And as to the character of

the order appealed from, that forms no sufficient ground for dismissal. It has not, it is true, all the formalities usual in orders passed upon exceptions to auditor's accounts, but it is unequivocal in its import, and finally decisive of the subject matter that was under consideration of the Court. The motion to dismiss must, therefore, be overruled.

In deciding upon the merits of this appeal, the first and main question that presents itself, and that which underlies all others, is whether, upon the sale and conveyance of the real estate by Postles and wife, to Joshua McGonigal, the vendor's lien was preserved; for if such lien was waived or surrendered, there is, at once, an end of the controversy, so far as the claim of the appellant is supposed to have preference over the claims of other creditors of Joshua McGonigal. This question depends upon the circumstances attending the sale and conveyance of the estate. The deed was made and the bond given on the 7th day of March, 1857. Appended to the deed, in addition to the usual formal acknowledgment of the receipt in full of the purchase money in the recital of it, there is a separate receipt, whereby the grantor, Thomas Postles, acknowledged to have received of the grantee, McGonigal, the full amount of the consideration for the conveyance of the estate; thus apparently intending it to be understood that the estate conveyed was clear of the incumbrance of unpaid purchase money.

There is nothing on the face of the bond to connect it with the conveyance, and to show that it related to the sale and purchase of the estate, but the parol evidence taken by the auditor shows that the bond was given for the unpaid purchase money. It was executed by Joshua McGonigal, the purchaser, and the appellant, as surety. The amount of it was made payable in instalments of one and two years from the date of the purchase; and in its condition there is power given by the obligors to any attorney, to appear for them and confess judgment to the obligee, or his assigns, for the amount secured by the obligation. This bond was, on the 5th of Janu-

ary, 1858, assigned by Postles to Wm. K. Lockwood, and the latter afterwards assigned it to the appellant, to be " at his risk of collection."

It is, as we understand it, because the appellant was surety in the bond, and has taken up the same by payment, that he now claims to stand in the position of the original obligee, and to be entitled to the vendor's lien by subrogation, and consequently to a preference in the distribution of the proceeds of the sale of the land, over the other creditors of Joshua McGonigal, the vendee.

The claim assumes the original existence of the lien, and it was upon that assumption that the case was treated and decided by the Court below. But did the lien originally exist, under the circumstances of this case? We think not.

*Prima facie*, the lien exists in all cases of sales of real estate for the unpaid purchase money, as against the vendee, and those claiming under him with notice; but the lien being the mere creature of a Court of Equity, existing in the nature of a secret trust, it should not, for that reason, be implied and maintained where it would operate as a means of deception, or in prejudice of good faith. Therefore, where the vendor parts with the legal estate, as in this case, with a separate receipt in full of the purchase money appended to the deed, and at the same time taking from the vendee a bond, with the responsibility of a third party as security for the purchase money, conditioned for a judgment which would become a general and an independent lien, a Court of Equity could not do otherwise than presume, in the absence of unequivocal evidence to the contrary, that the equitable lien was intended to be waived. Such is our conclusion in this case, and it is amply supported by authority; for it is now settled by at least a decided preponderance of the well considered cases upon the subject, that the lien will be regarded as waived whenever any distinct and independent security, such as a mortgage, pledge of goods, or the personal responsibility of a third person, is taken for the unpaid purchase

money. This presumption may, it is true, be repelled by proof of an express agreement that the lien shall be retained; but the *onus* of such proof is upon the party seeking to enforce the lien. 4 *Kent's Comm.*, 153; *Brown vs. Gilman*, 4 *Wheat.*, 255. The cases upon this subject, and in support of the proposition here stated, are very fully collected in the note of the American editors to the case of *Mackreth vs. Symmons*, 1 *Lead. Cases in Eq.*, 235.

We have recently had occasion to examine this question in the case of *Schwarz, Guardian of Henkel vs. Stein*, 29 *Md.*, 112; and that case was disposed of according to the principles here announced.

The record discloses nothing in support of an agreement for the retention of the lien; and, indeed, there is no pretence that there was any such agreement. The case presents itself simply as matter of presumption from the facts stated; and the presumption being against the existence of the lien, it follows that the order appealed from must be affirmed, with costs to the appellees.

*Order affirmed.*

(Decided 9th April, 1869.)