# CHARLES W. HOBBS

*vs.*

# JAMES T. PAYNE.

*Equity: appeals—; none from reasons assigned for decree.*

The reasons assigned for a decree are no part of the decree itself. p. 290

The appeals allowed in equity cases by section 26 of Article 5 of the Code, "from final decrees or orders in the nature of final decrees," does not authorize an appeal from a statement in the opinion of the court in signing a decree. p. 290

*Decided December 16th, 1915.*

Appeal from the Circuit Court for Caroline County. (In Equity.) (ADKINS, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Reuben Garey* and *Fred. R. Owens* filed a brief for the appellant.

*T. Alan Goldsborough* filed a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

It appears from the record in this case that on the 25th of October, 1909, two judgments, aggregating one hundred and eighty dollars and costs, were entered by Thomas J. Daffin, a Justice of the Peace of Caroline County, against James T. Payne, at the suit of his father, James L. Payne, who has since died. These judgments were entered to the use of Charles W. Hobbs. An execution was issued upon the judgments, and the Sheriff of Caroline County, Alcenus E. Cooper, levied upon the property of the defendant, who there-

upon filed a bill, which was subsequently amended, praying that the collection of the judgments and executions issued thereon, might be enjoined and cancelled. After demurrers to the bill had been overruled, an answer was filed by Charles W. Hobbs, one of the defendants, and testimony was taken by the parties in open Court. In the view we take of the case a discussion of the allegations of the bill and of the testimony becomes unnecessary. The lower Court filed an opinion in which the averments of the bill, the evidence taken, and the law applicable to the facts were considered and discussed. It reached the conclusion that the bill should be dismissed, and its conclusion was given effect by an order in the following terms: "It is, therefore, adjudged, ordered and decreed by the Circuit Court for Caroline County, in Equity, that the bill filed in this case, be and the same is hereby dismissed with costs to the defendant."

It is stated in the bill that immediately upon the rendition of the judgments, the defendant in the case, James T. Payne, ordered an appeal to the Circuit Court for Caroline County, and the evidence shows that he did order an appeal within three or four days after the judgments were rendered. But the magistrate refused to send the papers up until the defendant in the judgments had filed bond. Before the hearing in the Court below the term of the Justice who rendered the judgments had expired, and his docket and papers were deposited with the Clerk of the Court. After stating that the Justice was in error in refusing to send up the papers until a bond was filed, the Court held that the proper remedy of the plaintiff in this case was to apply for a mandamus requiring him to do so. The opinion then states that:

"If the plaintiff desires to do so, he may still have the papers in these cases sent up by the clerk (to whom the dockets and papers of said justice were delivered on his retirement from office) on the appeals heretofore prayed. And the sale under said executions and the collection of said judgments may be stayed pending said appeals, by the filing of bonds in said cases."

The appeal before us was taken by Charles W. Hobbs, the assignee of the judgments and one of the defendants, not from the decree dismissing the bill, but from the portion of the opinion of the Court above quoted. In the order for appeal this portion of the opinion is designated as a portion of the decree.

We think it is clear that no appeal lies from this statement in the opinion of the Court. So far as the record shows, no application has been made to the Court to have the clerk send up the papers, and no order has been passed to stay the execution and collection of the judgments. What the Court might do if such applications were made we do not know and we have no right to anticipate. Under section 26, Article 5, an appeal is allowed "from any final decree, order in the nature of a final decree, passed by a Court of Equity, by any one or more of the persons parties to the suit." The only final order or decree in this case is that which dismissed the bill, and from that order no appeal has been taken. The *reasons* upon which the Court acted as expressed in its opinion are one thing,—the *thing decreed* is quite a different thing. It is stated in *Miller's Eq. Pro.* section 260, that: "The decree of a court of equity, and not its opinion, is the instrument through which it acts in granting relief. The opinion of the court does not constitute a part of the decree or of the record. It is the expression of the reasons by which the Judge reaches his conclusion. The decree, on the other hand, is the fiat or sentence of the law, determining the matter of the controversy. An opinion, however positive, is not in any sense a final act; it is not the subject of appeal, and may always be changed before final decree. The reasons assigned for a decree are no part of the decree itself." In the notes to this section a full collection of authorities are given in support of the text. The portion of the opinion from which this appeal was taken is not a part of the decree or order passed by the Court below, and for this reason is not appealable. It results from this conclusion that the appeal must be dismissed.

*Appeal dismissed, with costs.*