ALLEGHANY CORPORATION ET AL. *v.* ALDEBARAN CORPORATION ET AL.

ALLEGHANY CORPORATION ET AL. *v.* TRI-CONTINENTAL CORPORATION ET AL.

[Nos. 85, 86, October Term, 1937.]

*Decided January 13th, 1938.*

The causes were argued before BOND, C. J., URNER,

OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

Richard F. Cleveland and Raymond S. Williams, with whom were Frederick W. Brune, Glover Johnson, Semmes, Bowen & Semmes, Hershey, Donaldson, Williams & Stanley, and White & Case, on the brief, for the appellants.

Charles McH. Howard and Hunter H. Moss, with whom were Venable, Baetjer & Howard on the brief, for the Aldebaran Corporation, the Broseco Corporation, and the Trustees of the University of Pennsylvania, appellees.

James Piper and R. Dorsey Watkins, with whom were Piper, Carey & Hall on the brief, for the Tri-Continental Corporation and Selected Industries, Incorporated, appellees.

OFFUTT, J., delivered the opinion of the Court.

The Alleghany Corporation, herein called Alleghany, and the Chesapeake Corporation, called herein Chesapeake, appellants here, defendants below, are two Maryland corporations. The Tri-Continental Corporation, a Maryland corporation, and Selected Industries, Incorporated, a Delaware corporation, plaintiffs below, and appellees, in No. 86 of the October Term of this court, own respectively 18,000 and 18,500 shares of the common stock of Chesapeake, out of 1,799,745 shares of such stock issued and outstanding.

The Aldebaran Corporation, a Delaware corporation, plaintiff below and an appellee in No. 85 of the October Term of this court, owns 2,600 shares of cumulative 5½ per cent. preferred stock, Series A, of the par value of $100 per share, of Alleghany, and 800 shares of the common stock of the Chesapeake. The Broseco Corporation, an appellee and also a plaintiff below in that case, owns 51,900 shares of the same preferred stock of Alleghany and 5,900 shares of the common stock of Chesapeake. The Trustees of the University of Pennsylvania, an interven-

ing plaintiff in No. 85, is a Pennsylvania corporation, and owns 4,000 shares of said 5½ per cent. preferred stock, Series A, of the Alleghany corporation.

The Tri-Continental Corporation and Selected Industries, Incorporated, filed the bill of complaint in No. 86 against the Alleghany Corporation and the Chesapeake Corporation. The Aldebaran Corporation and the Broseco Corporation filed the bill in No. 85 against the same defendants. The purpose of the bill in each case was to secure an injunction restraining the defendants from consummating a consolidation of those two corporations under and in accordance with a plan or scheme which had been recommended by the directors of each of said defendant corporations, and from holding a stockholders' meeting, called and warned, for the purpose of considering said plan. The grounds advanced for that relief were that a consolidation in accordance with the proposed plan would (a)¹ be unfair to the minority stockholders of Chesapeake; (b) unfair to the holders of cumulative 5½ per cent. preferred stock, Series A, of Alleghany; (c) would deprive holders of such preferred stock of vested and contractual rights in violation (1) of applicable provisions of the statutory law of the state, because if such law authorized the consolidation upon the terms proposed, it would itself violate article 23 of the Maryland Declaration of Rights, and article 1, section 10, and the Fourteenth Amendment, of the Constitution of the United States; and (d) that the proposed plan, in violation of the statutory law of the state, left to the directors of the defendant corporations, respectively, the right to decide in their discretion, after submission to the stockholders, whether the consolidation agreement should be consummated, whereas said statutes require that any such consolidation agreement be first advised by said directors, then submitted to the stockholders, and, when approved by the requisite number of votes of such stockholders, be executed and filed, and when so executed and filed the consolidation becomes complete and effective. Or to state the last point differently, appellees' contention is that

the proposed plan gave to the directors the power to decide whether the plan should be adopted nothwithstanding the stockholders, whereas, they say, under the statutes, the directors may advise that the plan be adopted, but that the power to decide whether it shall be adopted is in the stockholders.

The defendants in each case answered, and both cases, while not consolidated, were tried together, upon the bills, answers, and evidence.

At the conclusion of the case, after hearing counsel for the parties, the court in each case ordered "that a writ of preliminary injunction be issued as prayed in said Bill, enjoining and strictly prohibiting the defendants, Alleghany Corporation and The Chesapeake Corporation, and each of them, and their respective officers, agents and employees, from taking any and all action looking to a vote by stockholders of said defendant Corporations, or either of them to pass upon or adopt the plan of consolidation or the agreement of consolidation referred to in this proceeding, and from taking any and all other action directed toward the consummation of said proposed plan or said agreement of consolidation; all until further order of this Court." These appeals are from those orders.

While the appellees in No. 86 are interested only as holders of the common stock of Chesapeake, and the appellees in No. 85 are interested both as holders of that stock and as holders of the Series A 5½ per cent. preferred stock of Alleghany, both cases may be considered together, because the result must be the same if the consolidation is enjoined because it is unfair to the minority holders of the common stock of Chesapeake, as it would be if it is enjoined because it deprives holders of the Class A preferred stock of the Alleghany Corporation of vested and contractual rights.

The contention of the minority stockholders of the Chesapeake Corporation is that the majority stockholders are, because of their holdings in the Alleghany Corporation, more interested in strengthening the financial

position of that corporation, than in maintaining at its present or a higher level the value of the common stock of Chesapeake. That the Alleghany Corporation is in financial difficulties, that its corporate structure is unsound, and that, as compared with Chesapeake, its financial condition is doubtful and unsatisfactory. That the financial condition of Chesapeake is sound and secure, its corporate structure simple, and its affairs prosperous. That the purpose of the consolidation is to improve the position of the holders of the stock and securities of Alleghany at the expense of Chesapeake.

The contention of the holders of Class A 5½ per cent. preferred stock of Alleghany is that as holders of that stock they are entitled, as under a contract between them and the corporation and between them *inter sese,* to certain rights, privileges, and benefits. That the effect of the consolidation will be to deprive them of such rights, benefits, and privileges, without offering them therefor any adequate substitute. That the plan therefore not only violates their vested and contractual rights, but is so grossly unfair and unreasonable as to amount to constructive fraud.

After the argument in this court, and pending the decision of the cases, the court here has been informed by counsel for the respective parties that the board of directors for each appellant corporation has by formal and sufficient action rescinded its action recommending the consolidation of the two corporations, as well as its action calling a meeting of the stockholders of each corporation to consider the proposed consolidation, and that the proposed consolidation has been abandoned, and may not be revived except by new and original corporate action. The cases have therefore become moot, and may not be further considered by this court. *Baldwin v. Chesapeake & Pot. Tel Co.,* 156 Md. 552, 144 A. 703.

The appellants have by their own acts, done after the cases were argued in this court, completely satisfied the demands made by the appellees in their respective bills of complaint, and have made these proceedings wholly

nugatory and ineffectual. The appeals were from orders temporarily restraining the appellees from proceeding with the proposed plan of consolidation. That plan has been formally and completely abandoned, so that no action which the court might take in these suits could possibly give to the appellees any relief more adequate and complete than that which they have already received as a result of the appellants' acts.

Appellants, however, suggest that inasmuch as the trial court in its opinion announced the conclusion that the proposed plan of consolidation violated "rights secured by the Maryland law, and by contract" to holders of the Series A, preferred stock of Alleghany, that they may be precluded by that finding from reviving either the proposed plan of consolidation, or from adopting some other plan of consolidation.

There is, however, no solid ground for that doubt. What the trial court decided must be found, and may only be found, in its orders, which are that the defendants be temporarily restrained from proceeding with the consolidation. That conclusion was expressed in its orders, which alone are definitive. Its reasons for that conclusion, as expressed in its opinion, while helpful and entitled to great weight, do not determine the propriety of its orders, for the orders may be affirmed even though the reasons for it are wrong.

Mr. Miller, in his work on *Equity Procedure,* states the distinction between a decree and an opinion very clearly. He says:

"The decree of a court of equity, and not its opinion, is the instrument through which it acts in granting relief. The opinion of the court does not constitute a part of the decree or of the record. It is the expression of the reasons by which the judge reaches his conclusion. The decree on the other hand, is the fiat or sentence of the law, determining the matter of the controversy. An opinion, however positive, is not in any sense a final act, it is not the subject of appeal, and may always be changed before final decree. The reasons assigned for a decree

are no part of the decree itself." *Miller's Eq. Proc.* sec. 260. In support of his text he cites the following cases: "*Woods v. Fuller*, 61 Md. 457, 460; in this case it is said that 'however sound and clear the opinion may be as an abstract proposition of law, yet if the principle it declares cannot be carried into effect by a decree in the case in which it is given, it is wholly valueless and an idle and nugatory act.' Compare *Chappell v. Chappell*, 82 Md. 647, reported in 33 A. 650, 652.

"*State v. Ramsburg*, 43 Md. 325, 333: Compare *Hubbard v. Jarrell*, 23 Md. 66, 81; *Ringgold's Case*, 1 Bland 5, 21.

"Compare *Hagthorp v. Hook*, 1 G. & J. 270, 309; *Davis v. Gemmell*, 73 Md. 530, 552, 21 A. 712.

"*Cornell v. McCann*, 48 Md. 592, 603; *Roberts v. Salisbury*, 3 G. & J. 425, 434; *Oehler v. Walker*, 2 H. & G. 323; *Shipley v. Fox*, 69 Md. 572, 583, 16 A. 275.

"In *McGonigal v. Plummer*, 30 Md. 422, 427, an opinion concluding: 'The objections to the statement of the auditor are sustained and the audit in this respect is set aside, while not having all the formalities usual in such cases, was held finally decisive of the subject matter and reviewable on appeal.'

"*Kerchner v. Kempton*, 47 Md. 568, 592.

"A distinction has been taken between an 'opinion' and a 'judicial opinion'; the latter being synonymous with what has been adjudged or decreed; the former being interlocutory, the latter final in its character; *Cornell v. McCann*, 48 Md. 592, 60; *Phillips v. Pearson*, 27 Md. 242, 255; *Thompson v. McKim*, 6 H. & J. 302, 327, 328; *Hagthorp v. Hook's Admrs.*, 1 G. & J. 270, 310, 311; *Roberts v. Salisbury*, 3 G. & J. 425, 434.

"In *Hagthorp v. Hook*, 1 G. & J. 270, 309, the chancellor discussed the principles which he considered applicable to the case and announced his intention to decree accordingly, and then passed an order directing an account to be stated in accordance with his views. It was held that this was not a final decree from which an appeal could be taken; the chancellor's intentions formed

no ground for an appeal; and see *Snowden v. Dorsey,* 6 H. & J. 114; *Hungerford v. Bourne,* 3, G. & J. 133, 142; *Roberts v Salisbury,* 3 G. & J. 425, 434.

"In *Phillips v. Pearson,* 27 Md. 242, 253, 255, the court concluded its opinion as follows: 'Viewing the entire case as it is presented to me, I think this bill cannot be sustained and must be dismissed with costs as to the defendant Pearson.' This was held to be merely the opinion of the judge, to be followed by a decree. It was an incomplete act announcing his intention, which he might or might not subsequently change, and not a decree or an order in the nature of a decree.

"See, also, *Hobbs v. Dorsey,* 33 Md. xii, unreported; *Seebold v. Lockner,* 32. Md. xiii unreported; *Waring v. Turton,* 44 Md. 535, 547."

See, also, *Hobbs v. Payne,* 127 Md. 288, 290, 96 A. 522; *In re Hagerstown Trust Co., Executor of Mealey's Estate,* 119 Md. 224, 229, 86 A. 982. Where the trial court, as a part of its decree, determines an issue of fact, its finding is of course definitive and reviewable. *Mt. Savage Coal Co. v. Monahan,* 132 Md. 654, 657, 104 A. 480. These conclusions are also implicit in such statutes as Baltimore City Charter (1927 Ed.) sec. 324, which excuses judges of the equity courts of Baltimore City from filing opinions in respect to final decrees and decretal orders.

In these cases the court finally determined no issue of fact, its orders were interlocutory, enjoining the consolidation only until "further order of this court." They were not therefore a final adjudication of the rights of the parties, and neither they nor the opinion can be invoked as an estoppel against a revival of the plan of consolidation involved in these proceedings, or the proposal of a different scheme or plan of consolidation.

The appeals will therefore be dismissed, and, because the cases became moot as a result of appellants' action taken after the argument in this court, costs will be awarded to the appellees.

*Appeals dismissed, with costs to the appellees.*