## ROSIER et ux. *v.* VANDEVANDER

[No. 96, September Term, 1962.]

*Decided December 14, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and SYBERT, JJ.

*John W. Hessian, III,* with whom was *Lawrence E. Ensor* on the brief, for the appellants.

Submitted on brief by *John J. Brennan, John N. Maguire* and *Maguire & Brennan* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Very unpleasant relations have developed between two business neighbors due to an acrimonious dispute on the exact location of the boundary line between their respective business

properties. The appellants raise three questions in their brief, but, in the view that we take of the case, it will be necessary to answer but one; namely, Was the chancellor clearly in error in finding that appellants had failed to establish an encroachment upon their property by the appellee in the construction of a building?

The appellants, husband and wife, and the appellee own two contiguous 50 foot lots, which have depths of 200 feet. There is a brick building upon appellants' lot with its western wall nearly on the westernmost line of the lot. According to appellants, the wall is on their lot by a very slight margin (a matter of several inches); according to the appellee, it crosses over, and encroaches upon, his lot by an even slighter margin. In 1959, the appellee began, and has now completed, the construction of a brick building upon his lot, with the eastern wall thereof abutting against appellants' said western wall. The appellants sought a mandatory injunction "to require the appellee to remove the wall of his newly constructed building from their property." The chancellor was unable to find that the appellants had met the burden of establishing an encroachment upon their property by the appellee; consequently he dismissed their bill of complaint, and this appeal followed.

The testimony was taken in open court, and the chancellor saw and heard the witnesses. Two surveyors, Messrs. Lee and Maynadier, testified for the appellants, and one, a Mr. Cassell, testified for the appellee. Mr. Lee stated that his survey showed that appellants' western wall was two inches east of the boundary line at the northern line of his lot, and three and one-half inches east thereof at the southern lot line. Mr. Maynadier found the alleged encroachment upon the appellants to be one-half an inch at the north and an inch and one-half at the southern lot line. Mr. Cassell, on the other hand, testified that his survey showed the appellee's building to be on appellee's lot by about two and three-fourths inches at the northern lot line, and about three-fourths of an inch at its southern line. He further stated that appellee's building did not encroach at any point upon appellants' land.

Mr. Lee and Mr. Cassell readily acknowledged that there

was nothing unusual in the result of competent surveyors (after surveying the same property) showing variances and discrepancies ranging up to several inches, and this fact was borne out by the testimony of the surveyors in the instant case. A portion of Mr. Lee's testimony follows:

> "Q. And I think it is safe to say that at no time does surveyor's testimony coincide with other surveyors in a particular case? A. That is correct.
>
> "Q. It would always be a variance up to four inches? A. That is right."
>
> * * *
>
> "Q. [By the court] Variances of three or four or five inches, is it not unusual? A. No sir."

After the above testimony is analysed and considered, it should be quite apparent that we cannot logically nor reasonably hold that the chancellor was clearly in error (Maryland Rule 886 a) in concluding that the appellants had failed to meet the burden of proving an encroachment upon their property. The chancellor saw and heard the witnesses, which afforded him an opportunity to weigh and evaluate their testimony. In addition, the nature and character of the work of land surveyors (made under ordinary and usual conditions) inherently point to a strong probability of slight inaccuracies. All of the surveyors called as witnesses reached different results, and the encroachment asserted was of very small proportions.

We hold that the record, as it is presented to us, supports the finding of the chancellor.

*Decree affirmed, with costs.*