LEE ET AL., ETC. *v.* COUNTY BOARD OF APPEALS OF BALTIMORE COUNTY

[No. 360, September Term, 1963.]

*Decided May 7, 1964.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Marbury, JJ.

*J. Elmer Weisheit, Jr.,* and *Edward C. Covakey, Jr.,* for the appellants.

No brief and no appearance for the appellee.

Henderson, J., delivered the opinion of the Court.

This appeal is from an order affirming a decision of the County Board of Appeals in a zoning case denying the appellants' petition for reclassification of some 17 acres of land on Joppa Road east of Charles Street Avenue, from R-6 and R-20 to an R-A (residence, apartment) zone, with a special exception for an elevator apartment as to about 9 acres of the property. The action of the Board, as set out in its written opinion, was based on its findings that the appellant failed to prove that there had been a sufficient change in the character of the

neighborhood to warrant a reclassification, and that the decision to zone the property R-6 and R-20, at the time of the adoption of the Ninth District Map on November 14, 1955, was correct. The Board further found that to rezone the southern portion zoned R-20 and fronting on Joppa Road would be "inconceivable," since Joppa Road "is a narrow, winding country type road, rural in its character, carrying heavy school traffic and many school buses." As to the northernmost portion, it found that the fact that property to the north, separated by a wooded ridge, had been rezoned R-A was not controlling (Cf. *Levy v. Seven Slade, Inc.,* 234 Md. 145, 198 A. 2d 267, 272), and that the "subject tract is correctly zoned and could be properly developed under its present classification." Since the Board found no occasion to reclassify, the special exception was obviously not in order.

Without summarizing the evidence pro and con, including those portions reproduced in the transcript but not in the appendix to the appellants' brief, we think it supports the findings of the Board. Mr. Dill, called as an expert by the appellants, admitted that the property could be developed in one acre lots, the prevailing pattern in the neighborhood, although he testified that a high rise apartment would be the highest and best use. It was shown that there had been some changes in the neighborhood incident to the opening of the Beltway to the north and the widening of Charles Street Avenue, and that this had necessitated the reclassification of certain landlocked property. There was testimony, however, that these changes did not affect the property in question. On the whole, we think the issues of fact presented were fairly debatable, and therefore the affirmance of the Board by the trial court should be sustained.

The appellants' brief and argument in this Court were predicated almost wholly upon the opinion of the trial court. After an encomium upon the desirability of high rise apartments the trial court remarked that if he had authority to zone he would reverse the Board "as quick as a whisker." He affirmed the Board, however, on the independent finding that the appellant failed to establish that adequate provision had been made for water and sewerage. The appellants' brief is devoted to the

contention that the trial court was in error in this finding. Even if we assume, without deciding, that the trial court was in error in its findings as to water and sewerage the question remains as to whether the Board's findings were supportable. It is the Board's duty to zone, and not the court's. Moreover, an appeal does not lie from an opinion of a trial court, but only from the action taken. *Holmes v. Sharretts,* 228 Md. 358, 374; *Brenneman v. Roth,* 212 Md. 491, 497, and cases cited. A trial court may be right for the wrong reason. *Alleghany Corp. v. Aldebaran Corp.,* 173 Md. 472, 478.

We heretofore denied the petition of Ernest C. Trimble, attorney for the protestants, for leave to appear as amicus curiae. In view of our decision in favor of the protestants we find it unnecessary to state our reasons.

*Order affirmed, with costs.*