SELLMAN *v.* SELLMAN

[No. 232, September Term, 1964.]

616

*Decided April 13, 1965.*

The cause was argued before Hammond, Horney, Sybert, Oppenheimer and Barnes, JJ.

*Hilary W. Costello* for the appellant.

Submitted on brief by *Wallace Dann, Howard Calvert Bregel* and *Calvert Ross Bregel* for the appellee.

Per Curiam.

In this appeal a husband challenges an award of alimony *pendente lite* to his wife made by an order passed more than six months after a decree granting the wife a limited divorce and requiring the husband to pay permanent alimony.

After the wife had sued for a divorce *a mensa,* an order was signed requiring the husband to pay alimony *pendente lite* of

$40.00 per week "for 24 weeks, or until trial of the case if trial shall occur during such period, subject to further Order of the Court." At the trial 19 weeks later (the husband in the meantime having made the required payments), the wife's counsel asked the Chancellor whether alimony *pendente lite* would continue until his decision in the case, to which the Chancellor replied, "Continue as it is until such time as——." After "breaking off" the statement, the Chancellor made a reference to the custody of a child of the parties, not germane here. He did not elaborate his statement concerning alimony *pendente lite,* and no written order extending it was signed, and no docket entry made.

The husband made five more payments (thus having made a total of 24 weekly payments of $40.00 each) and then stopped. Seven months after the trial, the Chancellor filed a decree granting the wife a limited divorce and, among other things, requiring the husband to pay permanent alimony and "all arrearages in alimony *pendente lite."* The husband has been making the payments of permanent alimony.

During the seven months prior to the decree the wife took no action to enforce alimony *pendente lite* payments. Six weeks after the decree she filed a petition to have the husband held in contempt for not having made payments between the trial and the decree, but the Chancellor dismissed the petition because no transcript of what he had said at the trial was produced. After a hearing upon a later petition, at which the transcript was produced, the Chancellor ruled, in effect, that what he had said at the divorce trial amounted to an order for continuance of the alimony *pendente lite* until decision of the case, and he passed an order (the subject of this appeal) requiring the husband to pay $790.00, based on the rate of $30.00 per week, as alimony *pendente lite* for the period between the trial and the decree.

We do not think the words "Continue as it is until such time as——" amount to an enforceable order. The language does not state how long the payments were to continue. The break in the sentence indicates an unfinished thought, so that no adjudication resulted. It is obvious that the Chancellor did not formulate a definite order, for he changed the amount of the payments per week in the later order. Before a person may be

held in contempt for violation of an order or decree, it must be definite, certain and specific in its terms. 2 *Nelson, Divorce,* secs. 16.29 and 14.61; 30 C.J.S., *Equity,* sec. 598. The person to be charged must have notice of such an order. *Rethorst v. Rethorst,* 214 Md. 1, 133 A. 2d 101 (1957); 17 Am. Jur. 2d, *Contempt,* sec. 41, p. 45. Under the generally prevailing practice, orders and decrees in equity are required to be in writing and signed by the Chancellor. 30 C.J.S., *Equity,* sec. 591. Maryland has long followed this practice. It has been held that an equity decree is not effective until reduced to writing, approved by the Chancellor and filed for record. *Anastaplo v. Radford,* 153 N. E. 2d 37 (Ill. 1958). Since the Chancellor predicated the order appealed from in the instant case upon the assumption that the abortive statement made at the trial was an enforceable order, we must reverse.

*Order reversed; appellant to pay the costs.*