GROSSE, Etc. *v.* BEIDEMAN

[No. 356, September Term, 1964.]

*Decided June 23, 1965.*

284

The cause was argued before HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Earl E. Manges* for the appellant.

No brief and no appearance for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by Ernest E. Grosse, District Superintendent, Washington District Advisory Board, Inc., Church of the Nazarene, from a decree of the Circuit Court for Washington County, dated August 26, 1964, dismissing a supplemental bill of complaint.

On May 9, 1958, a bill of complaint was filed by appellant seeking an injunction restraining the appellee, The Reverend Mr. James I. Beideman, Sr., from performing any ministerial acts within the Church of the Nazarene located at West Side Avenue and Church Street in Hagerstown. The complaint stated that Mr. Beideman had been ordained an elder by the Church of the Nazarene, but his credentials were later revoked and annulled by the Trial Board of the Church, and that appellee in spite of this had continued to perform ministerial acts. A *decree pro confesso* was entered June 2, 1958, but on motion of Mr. Beideman, filed on June 11, the decree was set aside, whereupon an answer was duly filed by appellee. Appellant did not press for a hearing until nearly two years later, when the late Judge Fraley heard the case. On May 11, 1960, he filed a memorandum opinion, in which he found that it was not disputed that appellee's credentials had been revoked and that he continued to perform ministerial duties. Judge Fraley ascertained that the membership of the church, in spite of the facts stated above, wished appellee to continue his services as its pastor, as shown by a majority vote of the membership at congregation meetings. From the facts developed at the hearing

the judge found that there was a dispute between the local Nazarene Church and their governing authority, and held that it was not a case for intervention by a court of equity.

Later, on September 19, 1960, more than four months after his memorandum opinion was filed, Judge Fraley signed an order at appellant's request directing that cause be shown why the First Church of the Nazarene of Hagerstown, Inc. should not be made an additional party defendant to the proceedings; and that a supplemental bill of complaint be filed. On October 6, 1960, the additional proposed defendant filed an answer to the show cause order setting forth that the case had already been decided by the court and that the issues were settled. A hearing was held, and on April 7, 1961, Judge Fraley passed an order making the First Church of the Nazarene of Hagerstown, Inc. a party defendant, and authorizing a supplemental bill of complaint to be filed within fifteen days. This bill was filed by appellant on April 7 praying that the local Church of the Nazarene, its officers, trustees, and directors forthwith deliver to the appellant the keys to all of the property of the Church. Apparently, the prior movement to oust Mr. Beideman was abandoned. On April 21, 1961, an answer and demurrer to this supplemental bill was filed, setting forth that the charter of the old local church had been amended and that the name of the corporation was now Calvary Holiness Church of Hagerstown, Inc. and that this corporation was not subject to the discipline of the parent Church of the Nazarene represented by appellant.

The next proceeding did not take place until June 17, 1964, when Mr. Beideman and the First Church of the Nazarene, now Calvary Holiness Church of Hagerstown, filed a motion to dismiss because of the failure of the appellant to prosecute. The case came on for hearing on August 26, 1964, before Judge McLaughlin, Judge Fraley having died during the latter part of 1961. The transcript before us does not contain the testimony considered by Judge Fraley in 1960. However, appellant's counsel informed us at argument that the record of that testimony, including some depositions which had been taken, had been lost but through no fault of counsel for either side. No testimony was taken at the hearing before Judge McLaugh-

lin in 1964 on the motion to dismiss since, according to his written opinion, both sides agreed that everything necessary for the court's attention to give an opinion would be furnished by counsel on both sides in their statements and arguments. The court found that the original charter provided that the property of the First Church of the Nazarene of Hagerstown, Inc. was to be managed and controlled by trustees who held title thereto and that appellant never had any interest in the property owned by the local church. It was shown that a small band of Christians dug a foundation and put a roof over it where services had been conducted since the middle nineteen thirties. The congregation desired to go ahead with the completion of the church, but when they attempted to borrow money from a bank, they could not secure a loan because of the present suit on the theory of *lis pendens.* The representatives of the local church told the court that the congregation was satisfied with Mr. Beideman, that the parent church had not put anything into the church property, and they would not turn over the keys to appellant. On October 30, 1964, Judge McLaughlin filed a written opinion giving his grounds for decision in decreeing the dismissal of the supplemental bill. He found that Judge Fraley had decided the dispute between the congregation of the local church and the parent church.

On appeal the appellant contends that the lower court erred in dismissing the supplemental bill of complaint without a hearing upon the merits. We do not agree. This Court has many times held that courts, having no ecclesiastical jurisdiction, can not revise or question ordinary acts of church discipline. *Velasco v. P. E. Church in Maryland,* 200 Md. 634, 92 A. 2d 373; *Jenkins v. New Shiloh Baptist Ch.,* 189 Md. 512, 56 A. 2d 788; *Jackson v. Hopkins,* 113 Md. 557, 78 Atl. 4. At the hearing before Judge Fraley, Miss Ruth Manford testified that she was the secretary of the First Church of the Nazarene of Hagerstown, Inc. and as such, she has the custody of the church records. On June 23, 1957, at a special meeting of the Board, the following appears in the church minutes:

"Rev. Beideman told of a letter he received from Rev. Grosse to vacate the pulpit on Sunday June 23rd,

1957 and they were to vacate the parsonage by June 29. The board unanimously agreed that Rev. Grosse had no authority to demand such action and that they agreed that they were not fighting to keep Rev. Beideman here, but were going to fight for the right to govern the church as they saw fit; that they had given Rev. Beideman the right to fill the pulpit as pastor until June 1, 1958 and to occupy the parsonage until that time and if called for and [sic] extended period, he was to continue until such time as the church decreed otherwise. A motion was made and carried that the right to govern the church was in the hands of the Board, that they would fight in Court any action of anybody seeking to take those rights away from them."

Section 80 of the 1956 Manual of the Church of the Nazarene admitted in evidence states:

"An elder or a licensed minister may be called to the pastorate of a local church by two-thirds favorable vote by ballot of the church members of voting age present and voting at a duly called annual or special meeting of the local church, provided that such elder or licensed minister shall have been nominated to the local church by the church board, which, after having advised with the District Superintendent, made such nomination by a majority vote by ballot of all its members; and provided the nomination shall have been approved by the District Superintendent."

From the record before us it is clear that the local church has not complied with this provision in the manual and has openly defied the authority of the district superintendent. The minutes of the congregation indicate that it does not recognize any authority of the appellant and that it is its intention to employ whomever it pleases to act as pastor of the local church. It was further pointed out that when the dispute first arose in 1958, not all the congregation agreed, and a number separated and practiced their religion in other churches. Under these circumstances we can not decide if the actions taken by the

local church were proper because this involves a matter of church controversy and no interest in real estate is involved. Cf. *Hayman v. St. Martin's,* 227 Md. 338, 176 A. 2d 772.

Appellant in his brief argues that the custom in the Circuit Court for Garrett County, in which Judge Fraley resided, is for the winning party to present a decree to the court for signature in accordance with its opinion; and since this was not done in the instant case, Judge McLaughlin was in error in dismissing the supplemental bill of complaint. He treated Judge Fraley's opinion as a final decree. However, this opinion was concluded with the sentence: "For this reason the Bill of Complaint will be dismissed with costs." This would indicate that a separate final decree would be presented to him for his signature. For some unexplained reason, this was not done in this case. We have recently held that an equity decree is not effective until reduced to writing, approved by the chancellor and filed for record. *Sellman v. Sellman,* 238 Md. 615, 209 A. 2d 61. We think that if Judge Fraley or any other member of the court had been presented with an order in conformity with the opinion, it would properly have been signed, and doubtless would have prevented the present controversy. We are of the opinion that all of the pertinent issues involved in the case on its merits received full consideration by Judge Fraley in the first instance, and later by Judge McLaughlin on the supplemental bill of complaint. While we will affirm the decree of Judge McLaughlin dismissing the supplemental bill, the record does not support him in finding that Judge Fraley's opinion was equivalent to a final decree. We see no reason to reverse the decree on that ground but will remand the case for the passage of a separate decree in accordance with Judge Fraley's opinion, thereby terminating this litigation.

> *Decree affirmed as to supplemental bill of complaint. Case remanded for passage of a separate decree dismissing the original bill of complaint. Appellant to pay the costs.*