KENNEDY ET AL. *v.* FOLEY, RECEIVER, ETC. ET AL.

[No. 313, September Term, 1965.]

*Decided December 8, 1965.*

*Charles A. Dukes, Jr.* (on the motions) for the appellants.

*Richard F. Cadigan* (on the motion) for Blakeley, and *Saul M. Schwartzbach* (on the motion) for American, the appellees.

McWILLIAMS, J., delivered the opinion of the Court.

Incident to the liquidation of three insolvent corporations the trial court had occasion to consider the validity of certain chattel mortgage liens of American Security and Trust Company (American) and Blakeley Bank and Trust Company (Blakeley). On 23 March 1965, at the conclusion of a two day hearing, the court, in respect of American's lien, said:

> "The Court finds from all of the evidence that the American Security and Trust holds a valid chattel mortgage on the press described therein. No question in my mind whatsoever."

Counsel for American was thereupon excused and withdrew from the courtroom. Later in the day, the court, in respect of Blakeley's lien, said:

> "The Court finds from the evidence before it that the Blakeley Bank and Trust Company, Incorporated, have a valid chattel mortgage against the property described therein. It is only necessary to describe the property so that—with such particularity that it can be identified and the Court believes in this case it has been so identified."

Some time thereafter, probably the same day or the following day, entries were made on the docket as follows:

> "March 22, 1965—Hearing before Judge Shook—* * *
> "March 23, 1965—Hearing on petition of American Security Trust Company on validity of chattel mortgage —Court holds Petitioner has valid chattel.
> "March 23, 1965—Hearing on Petition of Blakely [sic] Bank & Trust Co. (3) on validity Chattel Mortgages —Court holds all valid chattels."

Early in May 1965, counsel for appellants,[1] having in mind

---

1. Appellants are former employees of the insolvent corporations whose claims for unpaid wages are prejudiced to the extent the

an appeal to this Court, wrote to Judge Shook, calling her attention to the fact that there were no formal orders establishing the validity of the American and Blakeley mortgages. Counsel enclosed in his letter an order which, if signed and filed, would have been sufficient for the purpose. Judge Shook acknowledged the receipt of counsel's letter and the proposed order, adding that she had asked Mr. John Foley [the receiver] and Mr. Schwartzbach [counsel for American] to submit orders. For some reason, unknown to us, counsel for Blakeley was overlooked. About a week later counsel for American submitted to the court an order declaring American to have a valid first lien [no mention of Blakeley was made] which was signed on 17 May 1965, dated *23 March 1965* [2] and which was filed *19 May 1965*. Appellants, on 26 May 1965, filed their notice of appeal from an "order signed May 17, 1965 sustaining the position of American * * *" and an "oral order from the bench [23 March 1965] sustaining the position of Blakeley * * *." The case is now before us on the motions of American and Blakeley to dismiss the appeal.

They contend, in view of the provisions of Maryland Rule 812 requiring appeals to be taken within 30 days of the order appealed from, that more than 68 days, in the case of Blakeley, and more than 60 days, in the case of American, having expired, the appeal must be dismissed as to both.

We think the two situations here presented are controlled by *Phillips v. Pearson,* 27 Md. 242 (1867) and the later cases of *Pocock v. Gladden,* 154 Md. 249, 140 Atl. 208 (1928), *Alleghany Corp. v. Aldebaran Corp.,* 173 Md. 472, 196 Atl. 418 (1938) and *Sellman v. Sellman,* 238 Md. 615, 209 A. 2d 61 (1965). In *Phillips* the only entry on the record manifesting the action of the chancellor was an opinion concluding as follows: "Viewing the case as a whole as it is presented to me, I think this bill cannot be sustained, and must be dismissed with costs as to the defendant Pearson." Chief Judge Bowie, for the Court, said:

---

assets in the hands of the receiver are diminished by the court's action.

2. The order was prepared for a May date but the court struck out "May" and wrote in "March."

"* * * but in our judgment it can be regarded only as the *opinion* of the judge, to be followed by an order or decree, finally determining the rights of all the parties.

"In *Hagthorp v. Hook*, 1 G. & J. 309, the Chancellor, in his introductory remarks, discussed the principles which he considered applicable to the case, and in favor of the appellee, and announced his intention to decree accordingly. To enable him to do which he passed an order directing an account to be stated in accordance with his views. On appeal from the order, Judge Dorsey, delivering the opinion of this court, said it was true the Chancellor had distinctly announced what he intended to do, but his *intentions* formed no ground for an appeal; he might abandon or change them *ad libitum.* 'It is only from what he has done, not from what *he intends to do,* that an appeal will lie.' " 27 Md. at 253-54.

* * * *

"In deference to these decisions [3] we are obliged to consider the opinion of the learned judge filed in this cause as an incomplete act announcing his intentions, which he might or might not subsequently change, and not a decree or order in the nature of a decree from which an appeal will lie." 27 Md. at 255.

In *Alleghany* Judge Offut considered a number of the relevant earlier decisions of this Court, including *Phillips,* and after declaring that the appeal must be dismissed, he said:

"Appellants, however, suggest that inasmuch as the trial court in its opinion announced the conclusion that the proposed plan of consolidation violated 'rights secured by the Maryland law, and by contract' to hold-

---

3. *Roberts v. Salisbury,* 3 G. & J. 425 (1831); *Hagthorp v. Hook,* 1 G. & J. 270 (1829); *Thompson v. McKim,* 6 H. & J. 302 (1825); *Snowdon v. Dorsey,* 6 H. & J. 114 (1823).

ers of the Series A, preferred stock of Alleghany, that they may be precluded by that finding from reviving either the proposed plan of consolidation, or from adopting some other plan of consolidation.

"There is, however, no solid ground for that doubt. What the trial court decided must be found, and may only be found, in its orders, which are that the defendants be temporarily restrained from proceeding with the consolidation. That conclusion was expressed in its orders, which alone are definitive. Its reasons for that conclusion, as expressed in its opinion, while helpful and entitled to great weight, do not determine the propriety of its orders, for the orders may be affirmed even though the reasons for it are wrong.

"Mr. Miller, in his work on *Equity Procedure,* states the distinction between a decree and an opinion very clearly. He says:

" 'The decree of a court of equity, and not its opinion, is the instrument through which it acts in granting relief. The opinion of the court does not constitute a part of the decree or of the record. It is the expression of the reasons by which the judge reaches his conclusion. The decree on the other hand, is the fiat or sentence of the law, determining the matter of the controversy. An opinion, however positive, is not in any sense a final act, it is not the subject of appeal, and may always be changed before final decree. The reasons assigned for a decree are no part of the decree itself.' *Miller's Eq. Proc.* sec. 260." 173 Md. at 478-79.

In *Sellman,* in a per curiam opinion, we said,

"Under the generally prevailing practice, orders and decrees in equity are required to be in writing and signed by the Chancellor. 30 C.J.S., *Equity,* sec. 591. Maryland has long followed this practice. It has been held that an equity decree is not effective until reduced to writing, approved by the Chancellor and filed for record." 238 Md. at 618.

See *Burch v. Scott,* 1 G. & J. 393 (Md. 1829) ; *Burch v. Scott,* 1 Bland 112 (Md. 1825) ; *Hollingsworth v. McDonald,* 2 H. & J. 230 (Md. 1807).

In *Pocock,* the decree was signed by the judge on 2 April 1927, but was not filed in the clerk's office until 4 April 1927. The order for appeal was filed 3 June 1927. If the controlling date had been 2 April, the appeal was taken too late, but if it had been 4 April, then the appeal was timely. Judge Digges, for the Court, said at 253-54 :

> "* * * it is our opinion that the date of a decree, in contemplation of section 36 of article 5 of the Code, relating to the time within which appeals from decrees or orders of courts of equity shall be taken, is that date upon which the decree becomes effective and binding, which can only be that date upon which it is filed and becomes a part of the public record of the case. It requires no authority to support this conclusion, as otherwise a court could sign a decree, and by inadvertence retain it in his possession until after the time allowed for appeal therefrom had passed. There is nothing binding in the decree of the court until it is filed, for the simple reason that until it is filed the court could alter or destroy it entirely and substitute some other in its place."

In our judgment Judge Shook's statements were merely oral opinions, the stature of which were in no way enlarged by the docket entries. 30A Am. Jur. *Judgments* § 92 (1958). Under the circumstances the time for appeal in the Blakeley case cannot begin to run until an order signed by the Chancellor is filed with the clerk. In American's case, since the controlling date was 19 May, the day the order was actually filed, appellant's appeal is in time. Blakeley's motion, therefore, will be granted, without prejudice, and American's will be denied.

At the conclusion of the argument before us counsel for Blakeley suggested, should we decide as we have decided that, to avoid delay and further complications, the case be remanded for the entry of a proper order, the prompt filing of an appeal, the consolidation of the Blakeley appeal with the Ameri-

can appeal and the prompt return of both to this Court. Counsel for appellants and American agreed and it was so stipulated.

> *Motion of American Security and Trust Company denied. Motion of Blakeley Bank and Trust Company granted, without prejudice. Remanded for the entry of an order declaring the lien of Blakeley Bank and Trust Company to be valid, the prompt filing of an appeal therefrom by appellants, an order consolidating the two appeals, and the prompt return of the record to this Court.*
>
> *Costs to be paid one-half by American Security and Trust Company and one-half by appellants.*