BELL, ET AL. *v.* SHIFFLETT, ET AL.

[No. 28, September Term, 1967.]

*Decided February 23, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Joseph E. O'Brien, Jr.,* for appellants.

*R. Edwin Brown,* with whom was *Philip S. Peyser* on the brief, for appellees.

PER CURIAM.

The questions raised by this appeal are procedural and not substantive, and the facts can be briefly summarized. On 21 September 1964 the appellees, Suttie Shifflett and Mary Shifflett, entered into a contract for the sale of property owned by the Shiffletts in Montgomery County to Conley Insurance Agency, Inc. for $40,000, subject, however, to rezoning to be obtained at the expense of the purchaser. Settlement was to be made 15 days after rezoning, at which time $23,000 was to be paid in cash, and the balance of the purchase price was to be secured by a second deed of trust on the property, having a term of 15 years, with interest at $5\frac{1}{2}\%$.

Rezoning acceptable to the purchasers had been accomplished on 14 September 1965, at which time the purchasers attempted to effect a reduction in the purchase price, to which the Shiffletts declined to agree. On 7 October 1965 the appellants in the case before us (who had succeeded to the rights of the contract purchaser by successive assignments) entered suit for specific performance in the Circuit Court for Montgomery County. The Shiffletts failed to answer. On 18 February 1966 a decree *pro confesso* was entered against them; testimony was taken before an examiner; and on 6 June 1966 a decree was entered. On 18 August 1966, the Shiffletts filed a petition to vacate the decree; the purchasers answered; and on 23 January 1967, after a hearing in open court, the decree of 6 June 1966 was vacated.

The record discloses that the order appealed from was contained in an oral opinion delivered from the bench at the con-

clusion of the hearing on the motion to vacate. A notation was made on the docket but no written order appears to have been entered. We have previously held that an appeal will lie in equity only from a final decree or an order in the nature of a final decree entered by a court of equity, which presupposes a written decree or order, and not from the opinion of the court. *Kennedy v. Foley*, 240 Md. 615, 214 A. 2d 815 (1965); *Brenneman v. Roth*, 212 Md. 491, 497, 130 A. 2d 301 (1957); *Phillips v. Pearson*, 27 Md. 242 (1867). See also Miller, *Maryland Equity Procedure* (1897), § 260 at 325; Maryland Code (1957) Art. 5, § 6; compare *Middleman v. Md.-Nat. Comm.*, 232 Md. 285, 192 A. 2d 782 (1963) with *McGonigal v. Plummer*, 30 Md. 422 (1869). We have held that an appeal taken under other circumstances may be the subject of a motion to dismiss. *Hobbs v. Payne*, 127 Md. 288, 96 A. 522 (1915). We have also taken the position that this Court need not necessarily dismiss such an appeal, if it appears that a dismissal is not in the interest of justice. *Keystone Eng. Corp. v. Sutter*, 196 Md. 620, 78 A. 2d 191 (1951); *Kendall Lumber Co. v. State*, 132 Md. 93, 103 A. 141 (1918).

The appellants contend that the decree of 6 June 1966 had been enrolled 30 days after entry, and that the lower court was without power to vacate an enrolled decree. In support of this contention, they cite Maryland Rule 625 a.[1] Since the bill for specific performance had been brought in equity, it is our view that the appropriate Maryland Rules are 671 a[2] and 681.[3] Al-

---

1. Rule 625. a Generally.

For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.

2. Rule 671 a Enrolled after 30 Days.

A final decree, and order in the nature of a final decree, shall be considered as enrolled from and after the expiration of thirty days from the date of the same.

3. Rule 681

Clerical mistakes in a decree or decretal order, or errors arising from any accidental slip or omission, may at any time be corrected by order of court upon petition, without a rehearing.

though analogies have been and can be drawn between judgments and decrees in equity, it is clear that an enrolled decree may be reopened or set aside upon a bill for review for error apparent on the face of the decree. *Pinkston v. Swift,* 231 Md. 346, 351, 190 A. 2d 533 (1963). The chancellor below was of the opinion, and we agree, that the decree of 6 June 1966 should have been so drawn as to give the Shiffletts a reasonable time to execute and deliver a deed, and upon their failure to do so, should have provided for the appointment of a trustee to make the conveyance. Maryland Code (1957) Art. 16, § 107.

The decree could have been reformed by the chancellor to cure this defect. A properly framed decree should have granted specific performance within a reasonable period of time specified by the decree upon tender by the purchaser of the cash purchase price and the deed of trust, as provided by the contract of sale, together with interest at the rate of $5\frac{1}{2}\%$ on the purchase price payable in cash and secured by the deed of trust from 16 June 1966, the date when the Shiffletts advised the purchasers of their willingness to go to settlement. The decree should have fixed a time within which the Shiffletts must act and should have provided for the appointment of a trustee to make the conveyance in the event of their failure to do so.

The contention of the appellants with respect to the reduction in purchase price is referred to in testimony before the examiner, but seems to have been abandoned, since no reference was made to it in the decree of 6 June 1966. We regard this as proper. The appellants or their assignors contracted to purchase a defined and identified tract with which they were entirely familiar as a consequence of their ownership of adjacent property, and they were therefore in no position to claim reliance upon the acreage description in the contract.

For the reasons set forth above we feel that the chancellor was in error. The case will therefore be remanded for entry of a decree to be reformed in conformity with this opinion.

> *Order reversed and case remanded for entry of a decree revised in conformity herewith; costs to be paid by appellants.*