MATTINGLY ET UX. *v.* HOUSTON ET UX.

[No. 121, September Term, 1968.]

*Decided March 7, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Joseph A. Mattingly* for appellants.

No brief filed on behalf of appellees.

SINGLEY, J., delivered the opinion of the Court.

This case is the end result of a boundary dispute between
two neighbors, the Mattinglys and the Houstons, which has been
before the Circuit Court for Montgomery County twice and be-
fore us in *Mattingly v. Houston,* 235 Md. 54, 200 A. 2d 160
(1964).

It all began in 1959 when the Mattinglys sold the Houstons
a building site and conveyed to them a tract which, as a result
of a surveyor's error, was smaller than that which had been
staked out on the ground, so that when the Houstons built their
house, there was an encroachment. In 1962, the Houstons
brought a bill in equity for the reformation of their deed. The
lower court (Shook, J.) granted the relief prayed, and we af-
firmed in *Mattingly v. Houston, supra.*

In an opinion apparently dictated from the bench at the con-
clusion of the first trial below, Judge Shook said:

"And the Court will instruct the plaintiff [Houston]
to remove any portion of any wall that may project
over and upon the property of Mr. and Mrs. Mat-
tingly and to fill any excavation that may result after
the removal of the projection, so that Mr. Mattingly
and Mrs. Mattingly will be made whole as far as this
is concerned."

No decree was entered, but the result was entered short on
the docket, presumably by the clerk:

"August 21, 1963—Hearing before Judge Shook—

> Gill reporting — Court finds for Plaintiff. Plaintiff [Houston] to resurvey property—remove any portion of wall and to fill any excavation which lies on defendants [Mattingly's] property. Costs to be paid by defendant."

It was from this docket entry that the first appeal was taken.

In August of 1966, the Mattinglys reopened the case with a petition for the issuance of a contempt citation against the Houstons, alleging their failure to comply with the court's "decree."

A show cause order was issued but no answer seems to have been filed. By the time the case came on for hearing in April of 1968, one question remained: Did the order of 21 August 1963 only require that the Houstons fill in the excavation remaining after the removal of the portion of their wall which encroached on the Mattinglys' land, or were they required to restore to original grade that portion of the Mattinglys' land which had been disturbed when the Houstons' house was built?

At the end of the contempt hearing, the lower court (Shearin, J.) concluded:

> "It seems clear to the Court that what the Court intended, acting through Judge Shook, to do was to require the [Houstons] to fill a different excavation, namely, that excavation caused by the removal of the wall. That is, the area from which the stones themselves were removed and not some other excavation. At least if that is not the actual intent of the Court's language, it is the apparent intent and the Court finds, on the basis of the evidence before it, not to hold the [Houstons] in contempt of this Court for [their] alleged failure to fill in an excavation."

Again, the result was entered short on the docket, "April 26, 1968—Hearing on Contempt before Judge Shearin—Miss Plevin reporting—Court declines to hold Pltff. in contempt",[1] and the Mattinglys appealed.

---

1. The hazards inherent in the practice of regarding a docket entry as a final order in an equity proceeding, apparently sanctioned by custom in Montgomery County, were discussed at length, but obviously to no avail, in the opinion filed for this Court by Judge McWilliams in *Kennedy v. Foley*, 240 Md. 615, 214 A.2d 815 (1965).

We have had occasion in the past to point out that an appeal will properly lie only from a written order or decree in equity, or from a judgment absolute at law, and not from comments by or the opinion of a lower court, or from a judgment nisi, *Hayman, Admr. v. Messick,* 252 Md. 384, 249 A. 2d 695 (1969) ; *Ballan v. Ballan,* 251 Md. 737, 248 A. 2d 871 (1969) ; *Bell v. Shifflett,* 249 Md. 104, 238 A. 2d 533 (1968) ; *Kennedy v. Foley,* 240 Md. 615, 214 A. 2d 815 (1965) ; *Fast Bearing Co. v. Precision Dev. Co.,* 185 Md. 288, 44 A. 2d 735 (1945) ; *Alleghany Corp. v. Aldebaran Corp.,* 173 Md. 472, 196 A. 418 (1938) ; *Hobbs v. Payne,* 127 Md. 288, 96 A. 522 (1915) ; *Phillips v. Pearson,* 27 Md. 242 (1867) ; Maryland Code (1957,. 1968 Repl. Vol.) Art. 5, § 6. Under our practice, orders and decrees in equity are required to be in writing and signed by the chancellor. *Kennedy v. Foley, supra; Grosse v. Beideman,* 239 Md. 283, 211 A. 2d 298 (1965) ; *Sellman v. Sellman,* 238 Md. 615, 618, 209 A. 2d 61 (1965) ; 30A C.J.S. *Equity* § 591 (1965) at 658. Had counsel, at the conclusion of the hearing before Judge Shook, taken the precaution of preparing an order or decree in conformity with the court's opinion, any uncertainty which may obscure the issue would have been dispelled.

Before a person may be held in contempt for violation of an order or decree it must be definite, certain and specific in its. terms. *Sellman v. Sellman, supra.* Under all the circumstances, we cannot reasonably or logically say that the result reached by the chancellor was clearly erroneous or was not supported by the record before us. Maryland Rule 886 a ; *Potter v. Schafer,* 230 Md. 261, 186 A. 2d 602 (1962) ; *Rosier v. Vandevander,* 230 Md. 266, 186 A. 2d 615 (1962). Since the appellees did not challenge the propriety of the present appeal, as they might have done by a motion to dismiss under Rule 835 b, our conclusion is not to be taken as authority for the proposition that the appeal was properly brought.

> *Order affirmed; costs to be paid by appellants.*