## ALBERSTADT *v.* ALBERSTADT

[No. 331, September Term, 1969.]

*Decided April 6, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Hal I. Lackey* for appellant.

*Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson, H. Algire McFaul, Joseph J. D'Erasmo* and *Simpson & Simpson* on the brief, for appellee.

PER CURIAM.

This is yet another attempted appeal in an equity case from the Circuit Court for Montgomery County in which the chancellor delivered an oral opinion not followed by a written order or decree.[1] Although no motion to dis-

---

1. Judge Singley in Mattingly v. Houston, 252 Md. 590, 250 A. 2d 633 (1969), another case from Montgomery County, observed in a note:

> "The hazards inherent in the practice of regarding a docket entry as a final order in an equity proceeding, apparently sanctioned by custom in Montgomery County,

miss was made by the appellee, we must once again belabor the point that we will not entertain an appeal in equity when there is no written order or decree signed by the chancellor.

As Judge Singley pointed out in *Mattingly v. Houston*, 252 Md. 590, 593, 250 A. 2d 633 (1969) :

> "We have had occasion in the past to point out that an appeal will properly lie only from a written order or decree in equity, or from a judgment absolute at law, and not from comments by or the opinion of a lower court, or from a judgment nisi, *Hayman, Admr. v. Messick*, 252 Md. 384, 249 A. 2d 695 (1969) ; *Ballan v. Ballan*, 251 Md. 737, 248 A. 2d 871 (1969) ; *Bell v. Shifflett*, 249 Md. 104, 238 A. 2d 533 (1968) ; *Kennedy v. Foley*, 240 Md. 615, 214 A. 2d 815 (1965) ; *Fast Bearing Co. v. Precision Dev. Co.*, 185 Md. 288, 44 A. 2d 735 (1945) ; *Alleghany Corp. v. Aldebaran Corp.*, 173 Md. 472, 196 A. 418 (1938) ; *Hobbs v. Payne*, 127 Md. 288, 96 A. 522 (1915) ; *Phillips v. Pearson*, 27 Md. 242 (1867) ; Maryland Code (1957, 1968 Repl. Vol.) Art. 5, § 6. Under our practice, orders and decrees in equity are required to be in writing and signed by the chancellor. *Kennedy v. Foley, supra; Grosse v. Beideman*, 239 Md. 283, 211 A. 2d 298 (1965) ; *Sellman v. Sellman*, 238 Md. 615, 618, 209 A. 2d 61 (1965) ; 30A C.J.S. *Equity* § 591 (1965) at 658."

To this list can be added the recent case of *Millison v. Citizens National Bank of Southern Maryland*, 256 Md. 431, 260 A. 2d 324 (1970) and *McCann v. McGinnis*, 257 Md. 499, 263 A. 2d 536 (1970), filed prior hereto.

This is the last time we will go through the motions

---

were discussed at length, but obviously to no avail, in the opinion filed for this Court by Judge McWilliams in Kennedy v. Foley, 240 Md. 615, 214 A. 2d 815 (1965)."

of reciting this embarrassingly long and persistent string of authorities. When appropriate in the future when this omission occurs we will dismiss the attempted appeal without further comment.

> *Appeal dismissed. Costs to be paid equally by the parties. Mandate to issue forthwith.*