## GOLDEN HILL DEVELOPMENT CO., INC., ET AL. *v.* UNGER ET AL.

[No. 47, September Term, 1972.]

*Decided November 14, 1972.*

The cause was submitted on brief to MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

Submitted by *A. Fred Freedman* and *Lichtenberg & Luria, Edward H. Nabb* and *Harrington, Harrington & Nabb* for appellants.

No brief filed on behalf of appellees.

MCWILLIAMS, J., delivered the opinion of the Court.

Blithely indifferent to the dictates of Maryland Rules 345 e, 373 d, 605 a and a dozen or more of our recent decisions [1] the appellants have appealed from a ruling

---

1. 345 e—"An order sustaining a demurrer to an entire declaration without leave to amend, shall be deemed to include and constitute a final judgment for costs for the demurring party."

   373 d—"Section e of Rule 345 (Demurrer) shall apply to this Rule."

   605 a—"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim,

of the chancellor, Mace, J., sustaining without leave to amend the demurrer of the appellee to the third count of their counterclaim. We shall dismiss the appeal.

In June 1970 the appellee (Unger) and about 60 other owners of lots in "Swan Harbor," a development in the Meekins Neck section of the Hooper's Island District of Dorchester County, filed a bill of complaint against the appellants (Golden Hill), the developers, seeking the specific performance of certain provisions of a contract, an injunction, and other relief. After a rash of pleading and discovery Golden Hill, in November 1971, filed a counterclaim against Unger. Unger demurred. Judge Mace sustained his demurrer in respect of Counts I and II, with leave to amend, and in respect of Count III,[2]

the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all of the claims."

Alberstadt v. Alberstadt, 257 Md. 552, 263 A. 2d 535 (1970); McCann v. McGinnis, 257 Md. 499, 263 A. 2d 536 (1970); Millison v. Citizens National Bank of Southern Maryland, 256 Md. 431, 260 A. 2d 324 (1970); Mattingly v. Houston, 252 Md. 590, 250 A. 2d 633 (1969); Hayman, Admr. v. Messick, 252 Md. 384, 249 A. 2d 695 (1969); Ballan v. Ballan, 251 Md. 737, 248 A. 2d 871 (1969); Bell v. Shifflett, 249 Md. 104, 238 A. 2d 533 (1968); Kennedy v. Foley, 240 Md. 615, 214 A. 2d 815 (1965); Grosse v. Beideman, 239 Md. 283, 211 A. 2d 298 (1965); Sellman v. Sellman, 238 Md. 615, 209 A. 2d 61 (1965); Fast Bearing Co. v. Precision Dev. Co., 185 Md. 288, 44 A. 2d 735 (1945); Alleghany Corp. v. Aldebaran Corp., 173 Md. 472, 196 A. 418 (1938); Hobbs v. Payne, 127 Md. 288, 96 A. 522 (1915); Phillips v. Pearson, 27 Md. 242 (1867).

2. "Count III—Extortion

"1. Defendant corporation sold a lot to plaintiffs, Vernon S. Unger and Margaret L. Unger, under the terms of which no further obligations for grading or site preparations were provided for and, in fact, the lot was sold 'as is'.

"2. Subsequent to the settlement of the sale of the lot during January of 1970, prior to a hearing before the County Commissioners of Dorchester County concerning the property owned by defendant, Belfiore, not in any

without leave to amend. Golden Hill appealed "from the ruling . . . sustaining . . . Unger['s] demurrer to Count III . . . [the] ruling having been entered on" 16 February 1972. The only evidence in the record of the chancellor's ruling is his comment at the conclusion of the hearing on 14 February 1972 and the docket entry apparently made on the same day. Judge Mace said:

". . . Madam Clerk, as to the demurrer of Vernon Unger to the counterclaim of the defendant [appellants] it is sustained as to Counts I and II . . . with leave to amend. . . . [A]s to Count III [it] is sustained without leave to amend."

The docket entry is as follows:

"1972 February 14th. Demurrer of Vernon S. Unger to the counterclaim of the defendants is sustained as to Counts 1 and 2 with leave to amend within 20 days. Count 3 is sustained without leave to amend."

----

way connected with the subdivision in which plaintiffs' land was located, plaintiff, Unger, called defendant, Belfiore, and advised him that he would 'raise hell' at the meeting of the Dorchester County Commissioners not for any lawful purpose or based upon any claim of right, but merely to disrupt the meeting, unless defendant, Belfiore, would promise to have certain grading and filling work done on his lot.

"3. Plaintiff, Unger, knew at the time that these threats were made that he was not entitled to the work to be done on his lot and without cause did extort from defendant, Belfiore, the promise to do such grading and filling work on the lot through threat to interrupt a meeting, the outcome of which was crucial to the defendant, Belfiore.

"4. That the conduct of plaintiff, by its terms, constituted the crime of extortion within the meaning of the Code of Maryland.

"WHEREFORE, the premises considered, defendant counterclaims for compensatory damages of Two Thousand Dollars ($2,000.00) and punitive damages in the amount of Fifty Thousand Dollars ($50,000.00)."

There is no docket entry for 16 February. We shall assume that what was meant in the notice of appeal was 14 February since the ruling is correctly described.

Since Rule 345 e cannot apply where the demurrer is sustained, without leave to amend, as to one count in a three count counterclaim (assuming a counterclaim is a "declaration" within the meaning of the rule), there must be a final judgment for costs before an appeal to this Court can lie, and there is no such judgment here. *Ernst v. Keough,* 197 Md. 554, 80 A. 2d 23 (1951). Even if such a judgment had been entered compliance with Rule 605 a would have been necessary before an appeal could lie; and there is no evidence that Rule 605 a was ever mentioned. *Parish v. Maryland and Virginia Milk Producers Ass'n, Inc.,* 250 Md. 24, 96, 242 A. 2d 512 (1968), cert. denied, 404 U.S. 940 (1971); cf. *Diener Enterprises, Inc. v. Miller,* 266 Md. 551, 295 A. 2d 470. Although we are dealing with an equity case we have assumed, for the purpose of discussion, that the rules governing law cases would be applicable to Golden Hill's counterclaim. But if the rules governing equity cases are applicable then it is clear that the chancellor neither signed nor filed a written order. *Kennedy v. Foley,* 240 Md. 615, 214 A. 2d 815 (1965). But whether it is one way or the other the appeal must be dismissed.

*Appeal dismissed.*
*Costs to be paid by appellants.*