## HUDSON BUILDING SUPPLY COMPANY, INC. *v.* STULMAN, ET AL.

[No. 281, September Term, 1969.]

*Decided June 3, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*J. M. Dryden Hall, Jr.,* and *Phillip M. Sutley,* with whom were *Baldwin, Jarman & Norris* on the brief, for appellant.

*W. Lee Harrison* and *John Grason Turnbull, II,* for Leonard Stulman, et al., part of appellees.

No brief filed on behalf of George W. Willison, other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

Judge MacDaniel determined the credibility of various witnesses and, weighing their testimony, decided that Hudson Building Supply Company, Inc., the appellant, was estopped to claim the mechanics' lien on the property of Stulman, appellee, it had sought below to perfect. He said in an opinion filed on August 6, 1969:

> "The Court feels that all of the elements and facts of an equitable estoppel are present in this particular case and that Hudson is estopped because of its actions of enforcing a Mechanics' Lien against Stulman.
>
> "* * * The attorneys for Stulman are hereby directed to draw the necessary Order to carry out the terms of this opinion and to present it to the Court for signature."

Hudson filed an appeal two days later. On August 15, a week later, a copy of the proposed decree was sent Judge MacDaniel by counsel for Stulman and a copy of the forwarding letter and of the proposed decree was sent to Hudson's counsel. On August 18, 1969, Judge MacDaniel

signed the proposed decree dismissing the bill to enforce the mechanics' lien.

The docket entries printed in appellant's record extract end with these two items:

"August 6, 1969—Memorandum and Opinion filed. (Hon. H. Kemp MacDaniel).

"August 8, 1969—Mr. Clerk: Enter an Appeal to the Court of Appeals on behalf of Hudson Building Supply Company, Inc., Plaintiff, from the judgment entered in this action on August 4, 1969, by J. M. Dryden Hall, Atty. for Plaintiff, with certificate of mailing, fd."

The docket entries in the transcript go on to recite:

"8-18-69 Order of Court fd."·

"9-2-69 Motion & Order extending time for transmission of Record on Appeal, fd."

We were told at the argument and it is fully apparent that no final judgment had been entered when the appeal was filed on August 8, 1969. Such a judgment was not entered until ten days later and no appeal was thereafter filed. Under the circumstances, there is no valid appeal before us. We made clear once again the reasons for this in *McCann v. McGinnis,* 257 Md. 499, 505, 263 A. 2d 536, 539, when we said:

"This Court has had occasion to comment several times recently relative to attempted appeals from opinions. See *Suitland Dev. v. Merchants Mort.,* 254 Md. 43, 53-56, 254 A. 2d 359 (1969); *Mattingly v. ·Houston,* 252 Md. 590, 593, 250 A. 2d 633 (1969); *Hayman, Adm'r v. Messick,* 252 Md. 384, 388, 249· A. 2d 695 (1969); *Ballan v. Ballan,* 251 Md. 737, 743, 248 A. 2d 871 (1969); *Bell v. Shifflett,* 249 Md. 104, 105-106, 238 A. 2d 533 (1968); *Kennedy v. Foley, Receiver,* 240 Md. 615, 214 A. 2d 815 (1965). The reasoning behind this is fully explained in Mil-

ler, *Equity Procedure,* § 260 (1897), where, under the heading 'Distinction between opinion and decree', it is said:

'The decree of a court of equity, and not its opinion, is the instrument through which it acts in granting relief. The opinion of the court does not constitute a part of the decree * * *. It is the expression of the reasons by which the judge reaches his conclusion. The decree on the other hand, is the fiat or sentence of the law, determining the matter of controversy. *An opinion, however positive, is not in any sense a final act; it is not the subject of appeal, and may always be changed before final decree.* The reasons assigned for a decree are no part of the decree itself.' (emphasis added)

"Under Code (1968 Repl. Vol.), Art. 5, §§ 6 and 7, in this type of case we may consider only an appeal from a final order. This not being an appeal from a final order, the appeal must be dismissed." *See also Alberstadt v. Alberstadt,* 257 Md. 552, 263 A. 2d 535.

We add that had we decided the case on the merits, the appellant would have fared no better than it has under the present disposition.

*Appeal dismissed, with costs.*