538 A.2d 1172

**Tom J. BILLMAN et al.**

v.

**MARYLAND DEPOSIT INSURANCE FUND
CORPORATION et al.**

**No. 123, Sept. Term, 1987.**

Court of Appeals of Maryland.

March 28, 1988.

John R. Fornaciari, P.C. (Robert E. Hebda, Robert M. Disch and Steele & Fornaciari, all on brief), Washington, D.C., for Tom J. Billman, Crysopt Corp., Batts Neck Corp. and First Through Sixth Batts Neck Companies.

Mark H. Tuohey, III (Pierson, Ball & Dowd, Washington, D.C. and M. Albert Figinski and Melnicove, Kaufman, Weiner, Smouse & Garbis, P.A., Baltimore, all on brief), for Clayton C. McCuistion, EPIC Holdings, Ltd. and Epicenter Consol., Ltd.

Philip W. Horton (Alexander E. Bennett, Merrick B. Garland, Arnold & Porter, Washington, D.C. and J. Hardin Marion and Tydings & Rosenberg, Baltimore, all on brief), for Maryland Deposit Ins. Fund Corp.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ.

RODOWSKY, Judge.

We granted certiorari on our own motion prior to consideration of these consolidated appeals by the Court of Special Appeals in order that we might resolve questions involving the privileges against compulsory self-incrimination and the divulging of attorney-client communications. The questions of privilege arose out of discovery undertaken by the appellees, Community Savings & Loan, Inc., and its receiver in two civil actions against, among others, former principals of that financial institution. Because no judgment has been entered we shall dismiss the appeals.

Appellants noted appeals from orders of the circuit court entered in August 1987 granting the appellees' motion to compel the production of certain documents. Those orders were not appealable. *See Electronic Data Sys. Fed. Corp. v. Westmoreland Assocs., Inc.,* 311 Md. 555, 536 A.2d 662 (1988); *Public Serv. Comm'n v. Patuxent Valley Conservation League,* 300 Md. 200, 477 A.2d 759 (1984); *Smiley v. Atkinson,* 265 Md. 129, 287 A.2d 770 (1972), *aff'g* 12 Md.

App. 543, 280 A.2d 277 (1971); *Barnes v. Lednum,* 197 Md. 398, 79 A.2d 520 (1951).

The appellants did not comply with the orders compelling production. At a hearing on October 8, 1987, following service on the appellants of orders to show cause why they should not be held in contempt, the circuit court found the appellants to be in contempt. That finding is manifested in the record on appeal only by the transcript of the hearing. There is no written order in the circuit court file of either action holding any appellant in contempt, setting forth the sanction and specifying the manner in which appellants could purge themselves of the contempt. There is no docket entry of an order of contempt. Nevertheless, on October 8, 1987, appellants noted appeals from an order of that date.[1]

The substantive right to appeal a contempt order is expressly conferred by Md.Code (1974, 1984 Repl.Vol.), § 12–304(a) of the Courts and Judicial Proceedings Article (CJ). That subsection reads:

Any person may appeal from any order or judgment passed to preserve the power or vindicate the dignity of the court and adjudging him in contempt of court, including an interlocutory order, remedial in nature, adjudging any person in contempt, whether or not a party to the action.

The background of this statute is set forth in the Revisor's Note to CJ § 12–304:

In view of the broad language of § 12–301 [right of appeal from final judgments], the need for a special contempt appeal provision may be questioned. However, there is an unusual history with respect to appeals in contempt cases. At common law, the judgment of the trial court in a contempt case was conclusive and not reviewable by any other tribunal in the absence of ex-

---

1. By an order dated October 9 and filed October 15, 1987, the circuit court stayed the order "announced" on October 8, pending an appellate mandate in appeals concerning discovery.

press statutory authorization; *Kelly v. Montebello Park Co.*, 141 Md. 194 (1922). It was not until after Kelly had been reaffirmed in *Ex Parte Sturm*, 152 Md. 114 (1927) that Maryland adopted the predecessor of Article 5, § 18; see ch. 357, Laws of 1927. In view of this historical situation, it is thought wise to retain an express authority for appeals in contempt cases. [Md.Code (1974), at 344.]

■ Ordinarily a contempt proceeding is a separate proceeding and a contempt order therein is a final judgment which must be entered in accordance with Maryland Rule 2–601(b). In *Unnamed Attorney v. Attorney Grievance Comm'n*, 303 Md. 473, 494 A.2d 940 (1985), an attorney had instituted an action in a circuit court seeking a protective order against the compelled production of documents before an Inquiry Committee panel in an attorney disciplinary proceeding. Bar Counsel sought a contempt order in the same circuit court action. The court ordered production of the documents and the attorney appealed. Bar Counsel moved to dismiss the appeal because the request for a contempt order had not been decided. Bar Counsel's argument was, in effect, that there had been two claims before the circuit court but only one had been adjudicated. We held that the order was not an unappealable, interlocutory one, even though the contempt application was undecided. We said:

A contempt proceeding, even though it may grow out of or be associated with another proceeding, is ordinarily regarded as a collateral or separate action from the underlying case and as separately appealable, with appellate review normally limited to the contempt order itself. Because the underlying proceeding and the contempt proceeding are usually regarded as separate actions, and not simply as separate issues or claims in the same action, it follows that a judgment terminating the underlying action is final and appealable despite the fact that the associated contempt proceeding is still pending in the trial court. [*Id.* at 483–84, 494 A.2d at 945 (citations omitted).]

Similarly, a judgment terminating the contempt proceeding in the instant matter would ordinarily be final and appealable despite the fact that the underlying action is still pending in the trial court.

The difficulty here is that no judgment has been entered. Maryland Rule 2–601(b) provides:

> The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of entry. That date shall be the date of the judgment.

Thus, if the instant contempt proceeding is viewed as a separate action, no final judgment has been entered in the contempt action and the appeal is premature.

■ On the other hand, CJ § 12–304(a) includes within the types of "order or judgment" therein addressed "an interlocutory order, remedial in nature." We shall assume that the order orally delivered from the bench in the instant matter is an interlocutory order. Nevertheless, we hold that Rule 2–601 applies to appealable interlocutory orders.

From the standpoint of judicial administration permitting appeals from oral rulings which would be appealable interlocutory judgments if properly entered is subject to the same objection as permitting appeals from oral rulings which would be final judgments if properly entered. Between the oral ruling and the entry of judgment the trial court may change its mind in whole or in part. *See Waters v. Smith,* 277 Md. 189, 352 A.2d 793 (1976); *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972); *Hudson Bldg. Supply Co. v. Stulman,* 258 Md. 304, 265 A.2d 925 (1970); *Eberly v. Eberly,* 253 Md. 132, 251 A.2d 900 (1969); *Kennedy v. Foley,* 240 Md. 615, 214 A.2d 815 (1965); *Pocock v. Gladden,* 154 Md. 249, 140 A. 208 (1928); *Phillips v. Pearson,* 27 Md. 242 (1867).

Rule 1–202(m) which "applies to procedure in all courts of this State" (Rule 1–101) defines "judgment" to mean "any order of court final in its nature entered pursuant to these

rules." The appealable interlocutory judgment partakes, insofar as it is appealable, of the nature of a final judgment.

Nothing in Rule 2–601 precludes reading "judgment" as therein used from including the appealable interlocutory order. The full text of the rule reads:

(a) **When Entered.**—Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the clerk shall enter the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs.

(b) **Method of Entry—Date of Judgment.**—The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

(c) **Recording and Indexing.**—Promptly after entry, the clerk shall record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court.

With respect to subsection (a) the oral finding of contempt and the announcement of the penalty and purging provisions in a case of constructive civil contempt is "a decision by the court granting other relief" so that "the clerk shall enter the judgment as directed by the court." Indeed that entry is consistent with the general duty of "[t]he clerk of a court" under CJ § 2–201(a)(2) to "[m]ake proper legible entries of all proceedings of the court and keep them in well bound books or other permanent form[.]" With respect to subsection (c) the recording and indexing of a contempt judgment, even if interlocutory, is meaningful particularly where the penalty is a monetary amount payable to an adverse party.

Furthermore, the statutes conferring a right of appeal and the rules governing the entry of a judgment are complementary. Since 1957 the time for noting an appeal has been fixed by the Maryland Rules. Prior thereto there were approximately eighty-five statutes governing the time for appeal. Report of the Court of Appeals Standing Committee on Rules of Practice and Procedure, 59 Transactions Maryland State Bar Ass'n 195, 208 (1954); F. Invernizzi & J. Kaiser, *A Study—Conflicts Between Statutes and Rules as to Time for Appeal,* 11 Md.L.Rev. 325 (1950). Chapter 399 of the Acts of 1957 substantially revised the statutes relating to appeals and eliminated provisions fixing the time for appeal. *See* Md.Code (1957), Art. 5. Maryland Rule 812, effective that year, established the time for filing an appeal at "thirty days from the date of judgment appealed from," except as to issues from an equity or an Orphans' Court. 9 Md.Code (1957). That provision is today Rule 1012.a. Under proposed new Title 8 of the Maryland Rules, adopted November 19, 1987, to be effective July 1, 1988, the provision is found in Rule 8–202 and incorporated into Rule 8–301(b)(2). 14:26 Md.Reg., Part II, December 18, 1987.

Rule 2–601(b) provides that the date on which the clerk makes a record of the judgment by "writing on the file jacket, or on a docket within that file, or in a docket book" is "the date of the judgment." Both CJ § 12–304 relating to appeals in contempt cases and CJ § 12–303 relating to appeals from certain interlocutory orders therein enumerated leave to the Maryland Rules not only the time for appeal but also the manner of determining the date when that time begins to run. The time for appeal begins to run on the date of judgment and that date is fixed by Rule 2–601(b) for appealable interlocutory, as well as final, judgments.

Accordingly, even if the oral contempt order in the instant matter is an interlocutory order Rule 2–601 applies. Because the order has never been entered as a judgment,

this appeal is premature.[2]

APPEALS DISMISSED.  COSTS TO BE PAID BY THE APPELLANTS.

---

**2.**  At the contempt hearing on Thursday, October 8, after the court stated that each appellant would be fined $5,000 per day beginning on Saturday, October 10, 1987, the parties, at the urging of the trial judge, conferred off the record and out of the presence of the court.  Thereafter, in proceedings before the court on the record the parties agreed in principle to, and the court, acting either as adjudicator in the litigation or as supervisor of the receivership, approved in principle, a protective order or agreement between the parties.  Under the arrangement (1) allegedly privileged documents would be furnished to the court;  (2) the court would make the documents available to the receiver for any purpose;  and (3) the court would not permit third parties to inspect the documents except under conditions which are not described in the transcript.

The record on appeal consists only of stipulated portions of the total circuit court record.  The appellate record neither contains any protective order nor any corresponding docket entry.  We are therefore unable to determine whether, even if the order of contempt were entered as a judgment, the appeal would nevertheless be dismissed as moot.