597 A.2d 65

CRYSOPT CORPORATION et al.

v.

BOARD OF SAVINGS & LOAN ASSOCIATION
COMMISSIONERS et al.

BATTS NECK CORPORATION et al.

v.

Ronald M. MUCHA.

Nos. 155, 158, Sept. Term, 1990.

Court of Appeals of Maryland.

Oct. 23, 1991.

Robert M. Disch (John R. Fornaciari, Eckert, Seamans, Cherin & Mellott, Washington, D.C., David L. Jacobson,

Blades & Rosenfeld, P.A., Baltimore, all on brief), for appellants.

Jonathan D. Smith (Kathleen A. Ellis, Piper & Marbury, all on brief), Baltimore, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWKSY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

RODOWSKY, Judge.

Presented here are nine interconnected appeals involving foreclosures of four deeds of trust on realty. We shall hold that, because appellants have no interest in the realty or in its proceeds, they have no standing to object to the reports of sale, to the auditor's reports, or to an order authorizing the receiver of the insolvent lender to compromise claims asserted by the foreclosure sale purchaser.

The actions before us are satellite proceedings to the receivership of Community Savings & Loan, Inc. (CSL).[1] The receiver is State of Maryland Deposit Insurance Fund Corporation (MDIF). The CSL receivership proceeding is Civil Action No. 9276 in the Circuit Court for Montgomery County, an action initiated by the former Board of Savings & Loan Association Commissioners. The property involved in the foreclosures is in Queen Anne's County and consists

---

1. Reported decisions in related litigation include *Billman v. State of Maryland Deposit Ins. Fund Corp.*, 86 Md.App. 1, 585 A.2d 238 (1991); *Billman v. State of Maryland Deposit Ins. Fund Corp.*, 80 Md.App. 333, 563 A.2d 1110 (1989), *vacated and remanded*, 321 Md. 3, 580 A.2d 1044 (1990), *on remand*, 88 Md.App. 79, 593 A.2d 684 (1991); *Billman v. Maryland Deposit Ins. Fund Corp.*, 312 Md. 128, 538 A.2d 1172 (1988); *Cavalier Oil Corp. v. Harnett*, 564 A.2d 1137 (Del.1989); *Foremost Guar. Corp. v. Community Sav. & Loan, Inc.*, 826 F.2d 1383 (4th Cir.1987); *United Guar. Residential Ins. Co. v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473 (4th Cir.1987); *Harnett v. Billman*, 800 F.2d 1308 (4th Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987); *In re EPIC Mortgage Ins. Litigation*, 701 F.Supp. 1192 (E.D.Va.1988), *aff'd in part, rev'd in part sub nom. Foremost Guar. Corp. v. Meritor Sav. Bank*, 910 F.2d 118 (9th Cir.1990); *American Casualty Co. v. Community Sav. & Loan, Inc.*, 635 F.Supp. 539 (D.Md. 1986).

of four parcels that we shall call "Batts Neck." Three parcels were owned by Batts Neck Corporation (BNC) and one parcel was owned by First Batts Neck Company (BN–1). BN–1 is a wholly owned subsidiary of BNC, which is a wholly owned subsidiary of Crysopt Corporation (Crysopt), which is wholly owned by Tom J. Billman (Billman). Billman was a principal in CSL. In December 1984 CSL had loaned funds for the purchase of Batts Neck, secured by deeds of trust respectively from BNC and BN–1.

MDIF, as receiver of CSL, asserted that Billman's acquisition of Batts Neck through Crysopt, BNC and BN–1 diverted a corporate opportunity from CSL. The receiver in September 1986 filed a complaint in the Circuit Court for Montgomery County (Civil Action No. 18009) joining as defendants, *inter alia*, Billman, Crysopt, BNC, and BN–1. The defendants failed to provide discovery. As the sanction, the court ordered that the facts alleged in the complaint be deemed admitted. An interlocutory order was entered in February 1990 against the defendants on the issue of liability.

In July 1989 MDIF, through Ronald M. Mucha as substitute trustee, instituted four proceedings in the Circuit Court for Queen Anne's County to foreclose each of the deeds of trust on Batts Neck. The foreclosure sale was held in August 1989, at which the four parcels were offered separately and as an entirety. The high bidder was William J. Harnett (Harnett), who bid $3.5 million for the four parcels as an entirety.

When the substitute trustee reported the sale, BNC and BN–1, describing themselves as owners of the parcels and grantors of the deeds of trust, filed exceptions. They principally contended that the amounts outstanding and in default under the four deeds of trust totaled $621,592.92, an indebtedness which could have been satisfied by selling only one, or at most, two of the parcels.

Harnett also excepted, alleging misrepresentation by agents of the seller. The exceptions included allegations of

non-disclosure or concealment of a history of flooding in the main house at Batts Neck, with resultant damage to all major mechanical systems and equipment. There was also a dispute concerning ownership of personal property on the premises.

The Circuit Court for Montgomery County heard the corporate opportunity action in March 1990 on the issue of the equitable relief to be granted to CSL, based upon the interlocutory liability judgment. By order of March 6, 1990, the Circuit Court for Montgomery County entered a final judgment against Billman, Crysopt, BNC, and BN–1 decreeing that CSL was "entitled to the proceeds of the foreclosure sales in the [four] cases now pending in the Circuit Court for Queen Anne's County that would otherwise be paid to the mortgagors of the deeds of trust foreclosed in such cases." The March 6, 1990, judgment further decreed that if any of the exceptions to those foreclosure sales were sustained *"then* the equity of redemption in and to such property shall be in [CSL], and [CSL] shall be the owner of such property."

Billman, Crysopt, BNC, and BN–1 appealed the March 6, 1990, judgment. The Court of Special Appeals affirmed. *Billman v. State of Maryland Deposit Ins. Fund Corp.,* 86 Md.App. 1, 585 A.2d 238 (1991). This Court denied certiorari on May 24, 1991. 323 Md. 1, 590 A.2d 158. The defendants in the corporate opportunity action petitioned the United States Supreme Court for certiorari, 60 U.S.L.W. 3161 (U.S. Aug. 22, 1991) (No. 91–319). The Court denied the writ on October 15, 1991, —— U.S. ——, 112 S.Ct. 304, —— L.Ed.2d ——.

In the mortgage foreclosure action the Circuit Court for Queen Anne's County, by order of June 28, 1990, overruled the exceptions filed by BNC, BN–1, and Harnett to the report of sale and ratified the sale. All three of those exceptants noted appeals in each of the foreclosure actions. We issued the writ of certiorari on our own motion, prior to consideration of the matter by the Court of Special Appeals, in order to moot the question of whether this Court had

exclusive appellate jurisdiction over the appeals pursuant to Md.Code (1980, 1986 Repl.Vol.), § 9–712(d)(2) of the Financial Institutions Article. The appeals noted by BNC and BN–1 from the order ratifying the report of sale are part of No. 158, September Term, 1990 that is now before us.

Harnett and MDIF, however, agreed upon a settlement of the disputes between them, including Harnett's exceptions to the report of sale in the mortgage foreclosure action. A written settlement agreement was presented to the Circuit Court for Montgomery County in the CSL receivership for that court's approval. Billman, Crysopt, BNC, and BN–1 filed an opposition to the settlement with Harnett. They contended that the settlement illegally converted the public sale required by the deeds of trust on Batts Neck into a private sale. The receivership court authorized MDIF to enter into the settlement.

Billman, Crysopt, BNC, and BN–1 appealed the order approving the settlement. Prior to consideration of the matter by the Court of Special Appeals, we issued the writ of certiorari on our own motion, for the same reasons and at the same time as the issuance of the writ in the above-described appeals forming part of No. 158. The appeal from the Circuit Court for Montgomery County is No. 155, September Term, 1990, that is now before us.

Pursuant to the approved settlement Harnett dismissed his appeal from the ratification of the report of sale in the Queen Anne's County foreclosure actions.

Subsequently, the auditor of the Circuit Court for Queen Anne's County stated accounts in the four foreclosure proceedings. The auditor recommended distribution of the surplus to MDIF pursuant to the judgment of March 6, 1990, in Civil No. 18009 in the Circuit Court for Montgomery County, the Batts Neck corporate opportunity action. Billman, Crysopt, BNC, and BN–1 excepted to the auditor's report, those exceptions were overruled, and those exceptants appealed. Once again we issued the writ of certiorari on our own motion prior to consideration of the matter by

the Court of Special Appeals. We consolidated those appeals from the Circuit Court for Queen Anne's County with the appeals challenging that court's ratification of the reports of sale. The appeals from the overruling of exceptions to the auditor's report are before us as part of No. 158.

The appellants can have no standing to complain about the way in which the mortgage foreclosure sale was conducted, or about the settlement with Harnett, or about the distribution of the surplus, if the appellants have no interest in Batts Neck or in the proceeds of the foreclosure sale. The judgment of the Circuit Court for Montgomery County in Civil Action 18009 entered March 6, 1990, that was affirmed by the Court of Special Appeals, and as to which certiorari was denied by this Court and by the United States Supreme Court, conclusively establishes under principles of *res judicata* that the appellants have no interest in Batts Neck or in the proceeds of the foreclosure. *See Rowland v. Harrison*, 320 Md. 223, 577 A.2d 51 (1990); *Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 238 A.2d 100 (1968). There is no justiciable controversy. Accordingly, the appeals will be dismissed.

APPEAL IN NO. 155 DISMISSED. COSTS TO BE PAID BY THE APPELLANTS. APPEALS IN NO. 158 DISMISSED. COSTS TO BE PAID BY THE APPELLANTS.